Appellant was put to trial upon an indictment which, omitting the formal parts, reads as follows:
 "The Grand Jury of said County, charge, that before the finding of this indictment, Samuel Lavone Peavy, alias Samuel Lovone Peavy, alias Samuel L. Peavy, whose name respectively is unknown to the Grand Jury other than as stated, did intentionally and unlawfully, possess, sell, furnish, or give away, to-wit: dl Amphetamine, a controlled substance as enumerated in Schedules I through V, Title 22, Section 258 (29-37) Code of Alabama, Recompiled 1958 as last amended, against the peace and dignity of the State of Alabama."
This is another search warrant case and its validity must be tested by both State and Federal decisions. The affidavit and search warrant are herewith set forth:
"AFFIDAVIT AND WRIT FOR SEARCH WARRANT
"THE STATE OF ALABAMA, COVINGTON COUNTY
 "Before me Clyde M. Love, Intermediate Court Judge personally appeared Jim Stallings, who, being duly sworn, deposes and says that he has this day since 12:00 O'clock Noon been informed by a reliable informant who has given him correct information in the past, that there are controlled substances in a mobile home located on the North side of U.S. Highway 84, approximately 200 Yards West of intersection of the Horn Hill Road and Highway 84, which said mobile home is usually occupied by one `Wormy' Williams; that said informant has within the last 36 hours observed controlled substances in said mobile home and based upon said information he believes that controlled substances are situated in said mobile home.
 "Sworn to and subscribed before me this, the 31st day of December 1974 /s/ Jim Stallings
 /s/ Clyde M. Love Intermediate Court Judge Covington County, Alabama
"SEARCH WARRANT
"THE STATE OF ALABAMA, COVINGTON COUNTY
"TO ANY SHERIFF OR ANY CONSTABLE OF SAID COUNTY:
 "Proof by affidavit having this day been made before me by Jim Stallings that he has this day since 12:00 o'clock Noon been informed by a reliable informant who has given him correct information in the past, that there are controlled substances in a mobile home located on the North side of *Page 201 
U.S. Highway 84, approximately 200 Yards West of intersection of the Horn Hill Road and Highway 84, which said mobile home is usually occupied by one `Wormy' Williams; that said informant has within the last 36 hours observed controlled substances in said mobile home and based upon said information he believes that controlled substances are situated in said mobile home.
 "You are therefore commanded, in the day time, or night, to make immediate search on the person of each and every person present in or near said mobile home and any motor vehicle adjacent to said mobile home for the following property: Any controlled substances prohibited by the laws of the State of Alabama and if you find the same or any part thereof, to being it forthwith before me, at my office at Courthouse, Andalusia, Alabama
"Dated the 31st day of December 1974
 /s/ Clyde M. Love Judge of the Intermediate Court, Covington County"
Appellant was convicted under the above indictment and sentenced to three years in the penitentiary. After sentence was imposed, appellant gave notice of appeal and requested that sentence be suspended pending appeal. His request was granted and bond was fixed at $3,000.00.
Prior to trial appellant filed a motion to suppress and considerable testimony was taken and at the conclusion of the hearing the Court denied the motion to suppress one pill or tablet taken from his automobile parked at the mobile home described in the affidavit and search warrant. During the trial appellant objected to the introduction into evidence the portion of the tablet which was not used by the person in the laboratory of the Department of Toxicology in making the analysis on the ground that it was obtained by an illegal search and seizure. The trial court overruled his objection and admitted the exhibit into evidence.
The person who made the affidavit and secured the search warrant was Jim Stallings, a Deputy Sheriff of Covington County. He testified on the motion to suppress that he executed the warrant on the night of December 31, 1974, by serving the same on "Wormy" Williams inside the mobile home. That there were present in the mobile home at the time about 20 men and women. He conducted a search to the mobile home and did not find any narcotics of any kind. He then searched each man present including appellant. He did not find any narcotics on the person of appellant. He stated that the women were not searched.
He further testified there were about twelve automobiles parked around the mobile home. He took each man out of the mobile home, one by one, to identify the automobile belonging to him and in the presence of the owner he, along with some auxiliary officers, searched each automobile. It took two and a half hours to complete the search after which all of the people present were transported to the jail in Andalusia.
Appellant was taken from the mobile home out to his Pinto car and by the use of a flashlight, Stallings claims he saw a small white pill on the dash of the automobile. He stated the car was locked and he asked appellant for the keys and they were surrendered to him. Stallings stated that he picked up the pill in the presence of appellant, put it in a plastic bag, sealed it and put his initials on it and the name of appellant. That he carried this pill with him to the jail and placed it in the evidence drawer where it remained until he got it a few days later and personally carried it to the State Laboratory in Enterprise, Alabama, and gave it to Mrs. Melinda J. Long who performed a chemical analysis on the tablet. The result of this chemical analysis was made the basis of the indictment and subsequent conviction of appellant.
Adverting now to the validity of the affidavit and search warrant, if it were not for the case of Ex parte State of Alabamaex rel. Attorney General, 286 Ala. 117, 237 So.2d 640, we would unhesitatingly hold *Page 202 
that the affidavit in this case is conclusory only by the use of the words, "a reliable informant who has given him correct information in the past," and would strike it down as being invalid.
In Neugent v. State, Ala. App., released by this Court on December 16, 1975, Judge Bookout wrote an excellent opinion, and made an in depth research of recent cases, on the subject of the sufficiency of affidavits leading to the issuance of search warrants. He noted that State ex rel. Attorney General supra, was written in 1970 and in the light of numerous holdings by the Federal Courts since that time that case, "may no longer be held to be valid." But we forego further comment on the sufficiency of the affidavit.
We turn now to a consideration of the search warrant and note at once that it is a complete departure from the affidavit. By its very language it authorizes a general exploratory search. General exploratory searches are forbidden by Federal and State courts alike. Haynes v. State, 50 Ala. App. 96, 277 So.2d 372;Go-Bart v. United States, 282 U.S. 344, 51 S.Ct. 153,75 L.Ed. 374; Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506,13 L.Ed.2d 431; Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873,18 L.Ed.2d 1040.
There is nothing in this record indicating that any other information was imparted to Judge Love at the time he issued the search warrant in this case. The Fourth Amendment's requirement that a warrant particularly describe the place to be searched and the things to be seized makes general searches impossible and prevents seizure of one thing under a warrant describing another and nothing is left to the discretion of the officer executing the warrant as to what is to be taken. The search warrant in this case is a dragnet instrument and cannot pass Constitutional muster.
The Court committed reversible error in overruling the motion to suppress the evidence taken from appellant's automobile.
REVERSED AND REMANDED.
All the judges concur, except DeCARLO, J., who concurs in the result.