BARRON, Judge.
Donald Eugene Moore was indicted in Chambers County for theft in the first degree. He waived a jury trial, was convicted, and was sentenced to five years.
Appellant contends that the trial court erred to reversal in denying appellant’s motion to suppress the evidence seized in a search of appellant’s premises. We disagree, and hold that the motion to suppress was properly denied.
The only issue involved is the validity of the search of appellant’s premises.
I
Appellant first attacks the validity of the search warrant on the ground of staleness.
The search warrant was issued on August 5, 1981, by Chambers County District Court Judge Joel G. Holley on the basis of an affidavit by Detective Jim Foster of the Valley Police Department. The affidavit recited that Detective Foster had information from a confidential and reliable informant that five identified items of stolen property were located at appellant’s residence. Two items had last been seen by the informant on May 21, 1981, and others had been seen on June 1, 1981, June 17, 1981, and June 18, 1981, respectively. The affidavit further identified the dates, and places from which, the various items were stolen. Evidence was adduced at the hearing on the motion to suppress that the *772 informant was a participant with appellant in the various thefts described, and that the informant related the information to the magistrate concerning informant’s participation and the basis of his knowledge.
It was established by the testimony at the hearing that when the search warrant was issued, the time lag from which the informant had last observed the stolen items at appellant’s premises varied on the several items from two and one-half months down to eighteen days.
Our courts have consistently held that the information received from an informant, as shown by the affidavit, must be “fresh as opposed to being remote in time.” Keller v. State, 54 Ala.App. 127, 305 So.2d 402 (1974).
What is “fresh” and how is it distinguished from “remote?” We do not perceive of any magical formula by which a precise computation of the time period may be made. Rather, the underlying circumstances—including such matters as the basis of the informant’s knowledge, the ease or difficulty in moving the items since they were last observed, the use or probable use to which the items are put, and the mobile nature or degree of permanence of the place of concealment—must be examined by a neutral and detached magistrate to reach a determination as to the probability of whether the proof speaks as of the time of the issuance of the search warrant.
The question for determination is whether the issuing magistrate could have reasonably concluded that probable cause existed at the time the warrant was issued. In reviewing the issue, this court is not necessarily limited to examining the four corners of the affidavit which forms the written basis for the issuance of the search warrant.
The informant in this case was also a participant with appellant in stealing the items enumerated in the affidavit and search warrant. He conferred with the magistrate when application was made for the search warrant. The magistrate was made aware that the informant had furnished information to the LaGrange, Georgia, authorities which led to the recovery of stolen property and to the arrest of appellant in that city. The informant revealed that the items described in the affidavit and search warrant were stolen and that he knew this from his “firsthand knowledge,” further specifying the places of the thefts, and the exact dates of the thefts in some instances and the approximate dates in others. In two instances, the owners of the stolen property were identified.
In instances of an isolated violation, probable cause would tend to dwindle rather quickly with the passage of time. However, a pattern of protracted and continuous illegal conduct, as is evident in this case, would cause the time lag to be less significant.
All of the authorities relied on by appellant are distinguished from the case at bar in that the facts in his authorities do not tend to establish this kind of protracted and continuous activity combined with an accomplice as informant.
We hold, in this case, that because of the underlying circumstances and the evidence of protracted and continuous illegal activity, the issuing magistrate could have reasonably concluded that probable cause existed at the time the search warrant was issued.
II
Appellant argues that the reliability of the informant was not established. We disagree. It is well established that probable cause for the issuance of a search warrant can be established by hearsay information provided by an unidentified informant. In the instant case, the informant was identified to, and conferred with the magistrate.
Justice White’s concurrence in Spinelli v. United States, 393 U.S. 410, 425, 89 S.Ct. 584, 593, 21 L.Ed.2d 637 (1969), discusses the requirements imposed by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), as follows:
“. . . if the informer’s hearsay comes from one of the actors in the crime in the *773 nature of admission against interest, the affidavit giving this information should be held sufficient.”
See also Yielding v. State, 371 So.2d 951, 957 (Ala.Crim.App.1979).
In this case, the informant personally appeared before the magistrate and related his own participation in the theft of items listed in the search warrant and his personal knowledge of the location of the items on the premises to be searched. McCreary v. State, 406 F.2d 1264 (8th Cir.1969). Furthermore, the informant’s statement had been corroborated by the results of investigations by another local law enforcement agency, and his credibility had been established through another police agency on similar cases.
Certainly, the magistrate was armed with sufficient information from which to decide, in a commonsense and realistic fashion, there was probable cause to allow the search requested. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 746, 13 L.Ed.2d 684 (1965).
Ill
The appellant further contends that the search conducted exceeded the scope of the search warrant.
Appellant relies on Peavy v. State, 336 So.2d 199, (Ala.Crim.App.), cert. denied, 336 So.2d 202 (Ala.1976). The warrant in Peavy authorized a search of every person and every automobile on the premises. The Peavy warrant was condemned as a “dragnet” instrument.
In the case at bar, the warrant authorized a search of a limited list of items in specific locations around the property. Officers obtained appellant’s written consent to extend their search to the interior of the residence. The search warrant had listed five items that were either outside the residence in designated places or in a designated storage house. Four of the five items, all tools or auto parts, were recovered, in addition to some other tools and auto parts not listed in the warrant. The unrecovered item on the search warrant was furnished to police by appellant’s father following the search. The items seized were of such a nature that the officers, at the time of seizure, had a reasonable basis to draw a connection between those items and the crimes which furnished the reason for the search warrant. This was a good-faith search conducted within authorized perimeters of the search warrant. Satterwhite v. State, 364 So.2d 345 (Ala.Crim.App.), rev’d on other grounds, 364 So.2d 359 (Ala.), on remand, 364 So.2d 362 (Ala.Crim.App.1977).
For the reasons stated, we hold the motion to exclude was properly denied. The judgment of the trial court is due to be, and is hereby affirmed.
AFFIRMED.
All the Judges concur.