The defendant was indicted and convicted for the unlawful possession of cocaine in violation of Alabama Code Section20-2-70 (1975). He was sentenced as a second time offender under Section 20-2-76 to a term of 21 years' imprisonment and fined $5,000. Six issues are raised on appeal.
 I
The existence of probable cause was sufficiently established to satisfy the two-pronged test of Aguilar v. Texas,378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The basis of knowledge prong was satisfied when the informant told Auburn Police Detective Bart Ingram, Jr. that within the past twenty-four hours he had been to the defendant's residence and "had seen a fairly large quantity of cocaine, and also had used some over there at that period of time."
The veracity prong of Aguilar (informant credible or information reliable) was also satisfied. The informant's statement against penal interest established a substantial basis for crediting his tip based on personal information.United States v. Harris, 403 U.S. 573, 583-84, 91 S.Ct. 2075,2081-82, 29 L.Ed.2d 723 (1971).
Another reason to believe that the informant was credible was because he provided other information that "squared" with Detective Ingram's prior knowledge of other people involving drug related activities. *Page 952 
 II
Although Ingram stated that his informant had only observed cocaine in the defendant's residence, the warrant authorized a search for "cocaine, . . . or any other illegal substances as described under the provisions of the Alabama Uniform Controlled Substances Act." The defendant argues that this improperly authorized a "general exploratory search."
General exploratory searches and seizures, with or without a warrant, can never be justified and are forbidden and condemned. Marron v. United States, 275 U.S. 192, 48 S.Ct. 74,72 L.Ed. 231 (1927). The specific command of the Fourth Amendment to the Constitution of the United States is that no warrants shall issue except those "particularly describing the . . . things to be seized."
However, the description of things to be seized contained in the warrant under review is not so broad that the authorization constitutes a general exploratory search. Certainly, "an otherwise unobjectionable description of the objects to be seized is defective if it is broader than can be justified by the probable cause upon which the warrant is based." Vonderahev. Howland, 508 F.2d 364 (9th Cir. 1974); W. LaFave, 2 Searchand Seizure, Section 4.6, n. 11 (1978) (hereinafter Search).
However, a less precise description is required of property which is, because of its particular character, contraband.
 "`If the purpose of the search is to find a specific item of property, it should be so particularly described in the warrant as to preclude the possibility of the officer seizing the wrong property; whereas, on the other hand, if the purpose is to seize not a specific property, but any property of a specified character, which by reason of its character is illicit or contraband, a specific particular description of the property is unnecessary and it may be described generally as to its nature or character.'"
 2 Search, p. 101, citing People v. Schmidt, 172 Colo. 285, 473 P.2d 698 (1970).
The fact that there was no probable cause to believe that other controlled substances were within the defendant's residence does not taint the entire warrant so that nothing seized during the course of the execution of the warrant was admissible. That part of the warrant authorizing a search for "any other illegal substance", although invalid because not based on probable cause, was severable from that portion of the warrant which authorized a search for cocaine. "(I)t would be harsh medicine indeed if a warrant which was issued on probable cause and which did particularly describe certain items were to be invalidated in toto merely because the affiant and the magistrate erred in seeking and permitting a search for other items as well." 2 Search, p. 112.
Despite the fact that no probable cause existed to issue a warrant for "any other illegal substances under the Alabama Controlled Substances Act", the officers were justified in seizing the other controlled substances found in the defendant's residence under the plain view doctrine. Coolidgev. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564
(1971). This is not the situation where the other substances were discovered after the particularly described property in the warrant had been found for the reasons that the police did not know how much cocaine they were searching for or that it would be located in one specific area and because other controlled substances would naturally be found in places where the cocaine could be located. Since the police had a valid warrant to search for one controlled substance in the defendant's residence, they could properly seize any other article of incriminating character, including other controlled substances, they inadvertently came across in the course of the search. Coolidge. See C. Moylon, The Plain View Doctrine:Unexpected Child Of The Great "Search Incident" GeographyBattle, 26 Mercer L.Rev. 1047 (1975). "(I)t is generally the rule that when officers in the course of a bona fide effort to execute a search warrant for narcotics or dangerous drugs discover articles which although not included in the warrant are reasonably identifiable as contraband, *Page 953 
they may seize them whether they are in plain sight or come into plain sight subsequently as a result of the officers' effort." 28 C.J.S. Drugs And Narcotics Supplement, Section 138 (1974).
 III
The defendant argues that under Alabama Code Sections 15-5-5
and -7 (1975) a search warrant must be "directed to the sheriff or to any constable of the county" and can only "be executed by any one of the officers to whom it is directed." Rivers v.State, 406 So.2d 1021 (Ala.Cr.App.), cert. denied,406 So.2d 1023 (Ala. 1981).
Lee County Deputy Sheriff Gene Spencer was one of the six law enforcement officers who was present when the warrant was executed. Detective Bart Ingram of the Auburn Police Department was in charge of the search and responsible for the collection of evidence. When Ingram knocked on the door of the defendant's residence, Deputy Spencer was "somewhere on the curtilage of the property."
The search warrant was issued by a judge of the city Recorder's Court of Auburn to "any Sheriff, Deputy and/or Municipal Police."
In Hicks v. State (Ms. 6 Div. 907, December 28, 1982) (Ala.Cr.App. 1982), this Court held that Sections 12-14-4 and -32 authorize municipal judges to direct the execution of search warrants to municipal law enforcement officers. That holding does not conflict with Rivers as we explained. UnderHicks, a city police officer, unaccompanied by any sheriff, deputy sheriff or constable, may properly execute a search warrant issued by a municipal judge.
 IV
Because the search warrant was issued for a violation of state law, it should have been made returnable "to any state court." Alabama Code Section 12-14-32 (1975). Return should not have been made to the recorder's court.
Under our holding in Donovan v. State, 359 So.2d 1181
(Ala.Cr.App. 1978), we hold that the fact that the warrant was improperly returned to the municipal judge who issued the search warrant instead of to "any state court" does not invalidate the search warrant that was properly issued and served. The return is merely a ministerial act. Since no prejudice to the defendant is even alleged, we see no need to hold otherwise. We find no reason or cause to invalidate a valid search because of a faulty and subsequent return. 79 C.J.S. Searches and Seizures, Section 84 (1952).
 V
It is undisputed that Detective Ingram gained entry into the defendant's residence by identifying himself as a real estate agent, even though he had a search warrant in his possession.
Detective Ingram testified:
 "(W)hat I did was knock on the door for a while. Apparently Mr. Palmer was asleep. When he finally came to the door, I believe I told him I was with Evans Realty, or whoever the realty company was, and asked him if I could come in, I needed to check something. Once I gained entry into the building, I said, `I'm actually with the Auburn Police Department, I'm Detective Sergeant Bart Ingram, I've got a search warrant.'"
The defendant contends that because Detective Ingram did not properly identify himself and announce his purpose before entering the defendant's residence, he violated Alabama's "knock and announce" statute, Alabama Code Section 15-5-9
(1975), thereby rendering the search illegal.
An entry obtained by deception or ruse, without the use of any force, is not violative of the knock and announce statute. "The reasoning underlying this conclusion is that the purposes of the notice requirement are not offended by such a practice: there is again no damage to property; there is not an unexpected entry which could result in *Page 954 
violence; and there is no invasion of privacy because the occupants were expecting his return (or initial entry)."Search, Section 4.8 at pp. 127-28.
 VI
The defendant was properly sentenced to twenty-one years' imprisonment as a second time offender under Alabama Code Section 20-2-76 (1975) although the indictment did not allege any prior conviction. Luker v. State, 424 So.2d 662 (Ala.Cr.App. 1982).
We have answered every issue raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
HARRIS, P.J., and DeCARLO and BARRON, JJ., concur.
TYSON, J., concurs in result.
 *Page 407