UNITED STATES of America, Appellee,

v.

Steven LADD and Phillip Alan Haveard, Appellants.

UNITED STATES of America, Appellee,

v.

John Frederick CASSIDY, Jr., Appellant.

Nos. 82–5102(L), 82–5103.

United States Court of Appeals, Fourth Circuit.

Argued Dec. 9, 1982.

Decided April 1, 1983.

Rehearing and Rehearing En Banc Denied May 19, 1983.

Thomas F. Loflin, III, Durham, N.C. (Robert S. Mahler, Loflin & Loflin, Durham, N.C., on brief), and Terrence W. McDonald, San Antonio, Tex. (McDonald, Karam & Guyler, San Antonio, Tex., on brief), for appellants.

David B. Smith, Asst. U.S. Atty., Greensboro, N.C. (Kenneth W. McAllister, U.S. Atty., Benjamin H. White, Jr., Asst. U.S. Atty., Greensboro, N.C., on brief), for appellee.

Before ERVIN and CHAPMAN, Circuit Judges, and BRYAN, Senior Circuit Judge.

ALBERT V. BRYAN, Senior Circuit Judge:

Appellants Ladd, Haveard and Cassidy, in consolidated cases, would have this Court set aside the District Court's judgments of their guilt of violations of Federal narcotics laws. Observing no occasion for such intervention, we affirm.

## I

After their arrests on August 14 and 15, 1981 in Durham County, North Carolina, appellants were indicted in two counts: the first for conspiracy to possess with intent to distribute, and to distribute, approximately 14,000 pounds of marijuana, 21 U.S.C. § 846, and the second charging possession with intent to distribute the same marijuana, 21 U.S.C. §§ 841(a)(1) and 841(b)(6).

In a plea bargain, Ladd and Haveard agreed to plead guilty with the understanding that the first count would be amended so as to reduce the amount of marijuana charged to each of them. A further understanding reached between the Government and these two defendants was that the maximum prison sentence for each accused would not exceed 49 months.

Indictee Cassidy, after a bench trial, was found guilty under the first count as amended. He was sentenced to a prison term of 46 months and a fine of $75,000. On guilty pleas Ladd and Haveard were sentenced as follows: Ladd to 36 months active imprisonment with a fine of $20,000, and Haveard to 40 months imprisonment and a fine of $25,000.

## II

■ Ladd and Haveard appeal, contending that their plea agreements were breached by the addition of fines to the penal incarcerations. However, the Government gives a compelling factual basis for upholding the sentences, averring that at no time during the plea negotiations was there even a hint of restraint on the Court's power to fine Haveard and Ladd.

The record reveals that the attorneys for them were fully cognizant that a fine might permissibly be levied on their clients. Moreover, each defendant made known to the Court his awareness of, and acquiescence in, the punishment meteable under the law. Neither counsel protested the fine or sought to withdraw his client's plea or alter the sanctions. The proof also amply manifests that Ladd and Haveard knew that fines were not excluded specifically or impliedly by the plea agreements. Hence their appeals must fail.

## III

Cassidy's appeal questions the legality of the search of the house in Chatham County which yielded the marijuana. He maintains that a faulty warrant renders the contraband, admittedly his, inadmissible against him.

■ A threshold and, we feel, dispositive point relates to Cassidy's entitlement to contest the search. To avail himself of the Fourth Amendment he must first show a legitimate expectation of privacy in the area searched and the items seized. *Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Our inquiry, therefore, embraces the question whether this appellant actually and reasonably expected that no disclosure of the contraband would be made. *United States v. Ramapuram,* 632 F.2d 1149 (4th Cir.), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1980). Where, as here, one wrongly places unconcealed contraband within the house of another, no such reasonable expectation can arise. Appellant stashed his property on the premises without the knowledge or a word of authorization from the owner. We cannot agree with the District Court's assumption that Cassidy had established a right to Fourth Amendment protection.

■ But even if a Fourth Amendment challenge was appropriate Cassidy's arguments should be unavailing. He denies that there existed sufficient cause to search because the confidential tip upon which the warrant was in part based did not meet the standards of probability exacted by *Spinelli v. United States,* 393 U.S. 410, 89 S.Ct. 584,

21 L.Ed.2d 637 (1968) and *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). Yet it is plain that cause for search here did not rest solely on information received from a tipster, but arose also as a result of investigations and observations which verified the informant's statements. The Government presses and we conclude that the District Judge had before him proof abundant of probable cause to authorize the warrant. *Spinelli, supra* and *Aguilar, supra* do not require a different conclusion.

■ Cassidy additionally confronts the warrant with assertion that its terms do not describe with requisite particularity the objects of the search. The Fourth Amendment bars general warrants, *Andresen v. Maryland,* 427 U.S. 463, 96 S.Ct. 2737, 49 L.Ed.2d 627 (1976), but

> [t]he test for the necessary particularity is a pragmatic one. The degree of specificity required may necessarily vary according to the circumstances and type of items involved .... There is a practical margin of flexibility permitted by the constitutional requirement for particularity in the description of the items to be seized.

*United States v. Torch,* 609 F.2d 1088, 1090 (4th Cir.), *cert. denied,* 446 U.S. 957, 100 S.Ct. 2928, 64 L.Ed.2d 815 (1979) (citations omitted).

The instant warrant fully satisfies the particularity requirement. The items to be seized were limited to those relating to "the smuggling, packing, distribution and use of controlled substances." More specificity is not required by the Constitution.

The judgments of the District Court are AFFIRMED.