## CIRCUIT COURT OF LOUDOUN COUNTY

Commonwealth of Virginia

    v.

Garland Hornbaker

Commonwealth of Virginia

    v.

Byron Hornbaker

January 30, 1985

Cases No. (Criminal) 4491, 4492

By JUDGE THOMAS D. HORNE

The defendant has filed several motions which are presently before the Court for review. Counsel have submitted written memoranda of law. These motions include a motion to suppress evidence seized as a result of a warrantless automobile search on May 4, 1984; a motion to suppress evidence seized as a result of a search conducted pursuant to a warrant; a motion to dismiss on grounds of entrapment; and a motion to dismiss pursuant to Section 19.2-294, Code of Virginia, 1980 amended.

The Court finds that the issue of entrapment should properly be raised at trial. *See generally* Bacigal, *Virginia Criminal Procedure*, § 17-29. Accordingly, the Court will deny the motion to dismiss on grounds of entrapment, with leave to the defendant to raise such defense at the time of trial.

The Court finds that the defendants do not have standing to object to the search of Mr. Moreland's car or the subsequent seizure of certain items from the

trunk. *Rakus* v. *Illinois*, 439 U.S. 128 (1978); *United States* v. *Salvucci*, 448 U.S. 83 (1980); *Rawlings* v. *Kentucky*, 448 U.S. 98 (1980). Therefore, the Court will deny the motion to suppress the evidence relating to the seizure of various items from the trunk of the car.

The Court finds that the affidavit for the search warrant states sufficient articulable facts to satisfy the "totality of the circumstances" criteria of *Illinois* v. *Gates*, 462 U.S. 213, 103 S. Ct. 2317, 76 L. Ed. 2d 527 (1983). See also *United States* v. *Leon*, 468 U.S. 897, 35 Cr. L. 3273 (1984). Furthermore, the warrant is not a "general warrant." *Andresen* v. *Maryland*, 427 U.S. 463 (1976); *United States* v. *Ladd*, 704 F.2d 134 (4th Cir. 1983).

The warrant is an "independent source" sufficient to remove any taint of the prior entry by the police. *Segura, et al.* v. *United States*, 468 U.S. 796, 35 Cr. L. 3298 (1984). Assuming, without deciding, the illegality of the prior entry, it would be "wholly irrelevant" to a determination of the propriety of the seizure under the warrant. *Segura, supra* at 3303, ("fruit of the poisoned tree"). Accordingly, the Court will deny the motion to suppress those items seized pursuant to the search warrant.

The defendant Garland Hornbaker, was arrested by federal law enforcement officers on May 4, 1984. His detention after the stop of the Moreland vehicle was such that any "reasonable person would have believed he was not free to leave." *Florida* v. *Royer*, 460 U.S. 491, 103 S. Ct. 1319, 75 L. Ed. 2d 229 (1983); *United States* v. *Mendenhall*, 446 U.S. 544 (1980). An arrest is the initial stage in a criminal prosecution. *Terry* v. *Ohio*, 392 U.S. 1 (1968). Under the provisions of Section 19.2-294, it is provided that:

> if the same act be a violation of both a state and a federal statute, a prosecution or proceeding under the federal statute shall be a bar to a prosecution or proceeding under the state statute.

This arrest was within the parameters for pre-emption under the statute. *Sigmon* v. *Commonwealth*, 200 Va. 258 (1958). As the federal officers had made an arrest (whether they later released the defendant before taking him to a magistrate), then this action was a bar to a state

prosecution for the same acts, as would have provided probable cause for the arrest. Therefore, as to the defendant Garland Hornbaker, the Court will limit the evidence of the Commonwealth so as to exclude testimony or exhibits relating to the events of May 3 and 4, which preceded his arrest. The exclusion of such evidence will not, however, operate to dismiss the indictment as drawn. The Court will deny the motion with respect to Byron Hornbaker.