TAYLOR, Judge,
dissenting.
In Part II of its memorandum, the majority found the appellant’s argument ques *901 tioning the seizure of the “credit sales book” to be without merit. Because the appellant was not mentioned and the notebook was not mentioned or described in the search warrant, the majority concluded that the notebook fell within the “plain view exception to the search warrant requirement.” I disagree.
The notebook in question was located in the appellant’s shirt pocket and was not in plain view. “[T]he incriminating nature of the object in ‘plain view’ must be apparent from the ‘plain view’ of the object.” Stanley v. Georgia, 394 U.S. 557, 89 S.Ct. 1243, 22 L.Ed.2d 542 (1969). There is no evidence that the incriminating nature of the notebook’s contents were apparent through the appellant’s shirt pocket. Therefore, the seizure of the notebook from the appellant’s pocket was nothing more than an exploratory search to determine its contents. “General exploratory searches and seizures, with or without a warrant, can never be justified, and are forbidden and condemned.” Palmer v. State, 426 So.2d 950 (Ala.Cr.App.1983).
Because the above was not addressed in the memorandum, I must respectfully dissent.