WELCH, Judge,
(concurring in the result).
In its opinion reversing the trial court’s order granting Jenkins’s pretrial motion to suppress evidence, the main opinion holds that the trial court’s ruling was in error because, it reasons, the warrant authorized law-enforcement officers to conduct a search for “drugs,” and that description was constitutionally sufficient. In reaching its conclusion, the main opinion relies upon this Court’s decision in Palmer v. State, 426 So.2d 950 (Ala.Crim.App.1983). However, because Palmer is distinguishable from the instant case, I disagree with the main opinion’s analysis as to this issue. Therefore, I concur in the result.
Palmer involved a challenge to a warrant that authorized a search for “ ‘cocaine, ... or any other illegal substances as described under the provisions of the Alabama Uniform Controlled Substances Act.’ ” 420 So.2d at 952. This Court determined that the portion of the warrant authorizing a search specifically for cocaine was constitutionally sufficient and was severable from the portion authorizing a search for “any other illegal substance,” which was deemed invalid for lack of probable cause. Ultimately in Palmer the drugs were admitted under the plain-view exception to the warrant requirement.
In the present case, the description in the warrant of “drugs,” even if characterized as illicit or contraband, is vague and overly broad, because it is a generic term that could potentially apply to a wide variety of items.[2] However, the good-faith exception articulated in United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is applicable to the facts of this case. Because the officers’ reliance on the determination of the magistrate who issued the search warrant and found probable cause to exist was objectively reasonable, suppression of the contraband seized pursuant to the warrant was inappropriate. Therefore, I concur in the result.

. In Peavy v. State, 336 So.2d 199, 201 (Ala.Crim.App.1976), this Court determined that a search warrant describing " '[a]ny controlled substances prohibited by the laws of the State of Alabama’" failed to pass constitutional muster in that it authorized a general exploratory search.