WOODALL, Justice
(dissenting).
In this case, it is obvious that there was probable cause for the issuance of a warrant to search for marijuana. However, the search warrant did not mention marijuana. Instead, it authorized a search of “[a]ny/all vehicles, people, or buildings located on or within the [curtilage] of [Jenkins’s] residence” for “[a]ny/all drugs, eon-traban[d] or items of evidence connected to but not limited to the (scales, pipes, baggies, cash, weapons, documents, etc.) use, [sale], and/or storage of these type items.” It is this language that Jenkins contends is unconstitutionally broad, and I agree with him.
The Fourth Amendment to the United States Constitution provides, in pertinent part, that a warrant must “particularly describ[e ] the place to be searched, and the persons or things to be seized.” (Emphasis added.) “The Fourth Amendment’s requirement that a warrant particularly describe ... the things to be seized makes general searches impossible and prevents seizure of one thing under a warrant describing another and nothing is left to the discretion of the officer executing the warrant as to what is to be taken.” Peavy v. State, 336 So.2d 199, 202 (Ala.Crim.App.1976). Quite simply, “[t]he specific command of the Fourth Amendment to the Constitution of the United States is that no warrants shall issue except those ‘particularly describing the ... things to be seized.’ ” Palmer v. State, 426 So.2d 950, 952 (Ala.Crim.App.1983).
The plurality opinion of the Court of Criminal Appeals held that the search warrant sufficiently described the things to be seized.
“Here, we believe that the trial court incorrectly determined that the search warrant authorized an unconstitutional ‘general search’ for all drugs in Jenkins’s apartment. We recognize that
“ ‘[g]eneral exploratory searches and seizures, with or without a warrant, can never be justified and are forbidden and condemned. Matron v. United States, 275 U.S. 192, 48 S.Ct. 74, 72 L.Ed. 231 (1927). The specific command of the Fourth Amendment to the Constitution of the United States is that no warrants shall issue except those “particularly describing the ... things to be seized.”
“ ‘However, the description of things to be seized contained in the warrant under review is not so broad that the authorization constitutes a general exploratory search. Certainly, “an otherwise unobjectionable description of the objects to be seized is defective if it is broader than can be justified by the probable cause upon which the warrant is based.” Vonder[A]he v. Howland, 508 F.2d 364 (9th Cir.1974); W. LaFave, 2 Search and Seizure, Section 4.6, n. 11 (1978) (hereinafter Search).
“ ‘However, a less precise description is required of property which is, because of its particular character, contraband.
“ ‘ “ ‘If the purpose of the search is to find a specific item of property, it should be so particularly described in the warrant as to preclude the possibility of the officer seizing the wrong property; whereas, on the other hand, if the purpose is to seize not a specific property, but any property of a specified character, which by reason of its *484 character is illicit or contraband, a specific particular description of the property is unnecessary and it may be described generally as to its nature or character.’ ”
“ ‘2 Search, p. 101, citing People v. Schmidt, 172 Colo. 285, 473 P.2d 698 (1970).’
“Palmer v. State, 426 So.2d 950, 952 (Ala.Crim.App.1983).
“Thus, in the instant case, the search warrant sufficiently described that law-enforcement officers were authorized to search for illicit drugs, which would include, but not be limited to, marijuana. Thus, the search was lawful, and the trial court erred when it granted Jenkins’s motion to suppress.”
State v. Jenkins, 26 So.3d 458, 463 (Ala.Crim.App.2007)(emphasis added). Stated simply, the plurality opinion, after quoting general principles of law, merely concluded, with no legal or factual analysis, that the description in the warrant of the property to be seized was sufficient.
In his special writing, Judge Welch correctly explained that the lead opinion’s reliance on Palmer was misplaced:
“In its opinion reversing the trial court’s order granting Jenkins’s pretrial motion to suppress evidence, the main opinion holds that the trial court’s ruling was in error because, it reasons, the warrant authorized law-enforcement officers to conduct a search for ‘drugs,’ and that description was constitutionally sufficient. In reaching its conclusion, the main opinion relies upon this Court’s decision in Palmer v. State, 426 So.2d 950 (Ala.Crim.App.1983). However, because Palmer is distinguishable from the instant case, I disagree with the main opinion’s analysis as to this issue....
“Palmer involved a challenge to a warrant that authorized a search for ‘ “cocaine, ... or any other illegal substances as described under the provisions of the Alabama Uniform Controlled Substances Act.” ’ 420 So.2d at 952. This Court determined that the portion of the warrant authorizing a search specifically for cocaine was constitutionally sufficient and was severable from the portion authorizing a search for ‘any other illegal substance,’ which was deemed invalid for lack of probable cause. Ultimately in Palmer the drugs were admitted under the plain-view exception to the warrant requirement.”
Jenkins, 26 So.3d at 464 (Welch, J., concurring in the result).
In its brief to the Court of Criminal Appeals, the State cited only Palmer and argued only that Palmer is “essentially identical” to Jenkins’s case. However, as Judge Welch explained, Palmer is clearly distinguishable. Before this Court, the State acknowledges that the Court of Criminal Appeals “relied on Palmer only for general principles of law concerning general exploratory searches,” State’s brief, at 16-17, and does not even attempt to explain how those general principles support the Court of Criminal Appeals’ holding in this case.
Jenkins contends that the Court of Criminal Appeals’ decision conflicts with its prior decision in Peavy, supra. In Peavy, the affidavit for a search warrant attested to the presence of “ ‘controlled substances in a mobile home located [at a particular place].’ ” 336 So.2d at 200. The search warrant directed “ ‘immediate search on the person of each and every person present in or near said mobile home and any motor vehicle adjacent to said mobile home for the following property: Any controlled substances prohibited by the laws of the State of Alabama.’ ” 336 So.2d at 201 (emphasis added). The Court of Criminal Appeals held that the *485 search warrant was unconstitutionally broad.
“We turn now to a consideration of the search warrant and note at once that it is a complete departure from the affidavit. By its very language it authorizes a general exploratory search. General exploratory searches are forbidden by Federal and State courts alike. Haynes v. State, 50 Ala.App. 96, 277 So.2d 372 [(1973)]; Go-Bart v. United States, 282 U.S. 344, 51 S.Ct. 153, 75 L.Ed. 374 [(1931)]; Stanford v. Texas, 379 U.S. 476, 85 S.Ct. 506, 13 L.Ed.2d 431 [(1965)]; Berger v. New York, 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 [(1967)].
“... The Fourth Amendment’s requirement that a warrant particularly describe the place to be searched and the things to be seized makes general searches impossible and prevents seizure of one thing under a warrant describing another and nothing is left to the discretion of the officer executing the warrant as to what is to be taken. The search warrant in this case is a dragnet instrument and cannot pass Constitutional muster.”
336 So.2d at 202.
There is no material difference between the search warrant condemned as unconstitutionally broad in Peavy and the search warrant issued in this case. Neither warrant identified any particular drug, and both warrants authorized the search of a particular residence, as well as persons or vehicles at or near the residence. Faced with Peavy, the State candidly admits that “the search warrant [in this case] could have been worded more carefully.” State’s brief, at 15. I agree with Jenkins that the Court of Criminal Appeals’ decision in Jenkins conflicts with their prior decision in Peavy.
Before this Court, the State makes three new arguments in support of the Court of Criminal Appeals’ reversal of the trial court’s order granting Jenkins’s motion to suppress. First, it argues that “reading the warrant in connection with the supporting affidavit clearly identified the specific property to be seized — marijuana and contraband or items connected with the use, sale, or storage of marijuana.” State’s brief, at 21. Second, it argues that “the evidence was admissible pursuant to the good-faith exception to the exclusionary rule in United States v. Leon, 468 U.S. 897, 922, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).” State’s brief, at 22. Third, it argues that, “since an officer could search in all the same places whether the warrant specified a search for ‘marijuana’ or ‘illegal drugs’ or ‘drugs’ or any similar term, the warrant in this case does not increase the likelihood of an unauthorized rummaging through Jenkins’s personal effects.” State’s brief, at 21-22. However, these arguments come too late, and this Court should not consider them. It is fundamental that “[a]n argument not made on appeal is abandoned or waived.” Avis Rent A Car Sys., Inc. v. Heilman, 876 So.2d 1111, 1124 n. 8 (Ala.2003). See also Brownlee v. State, 666 So.2d 91, 93 (Ala.Crim.App.1995). Consequently, the Court of Criminal Appeals’ reversal of the trial court’s order should not be sanctioned based upon arguments never made to the appellate court.
For the foregoing reasons, the judgment of the Court of Criminal Appeals should be reversed, and the case should remanded to that court.
SEE, J., concurs.