No. 88-226

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

_____

STATE OF MONTANA,

        Plaintiff and Respondent,

    -vs-

DANIEL EVJEN,

        Defendant and Appellant.

_____


APPEAL FROM: District Court of the Twentieth Judicial District,
           In and for the County of Lake,
           The Honorable C.B. McNeil, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        K. M. Bridenstine, Polson, Montana

    For Respondent:

        Hon. Mike Greely, Attorney General, Helena, Montana
        Robert F.W. Smith, Asst. Atty. General, Helena
        Larry Nistler, County Attorney, Polson, Montana

_____

Submitted on Briefs: Aug. 4, 1988

Decided: November 17, 1988

Filed:

FILED '88 NOV 17 AM 11 10 CLERK MONTANA SUPREME COURT

_____
               Clerk

Mr. Justice John C. Sheehy delivered the Opinion of the Court.

Daniel Evjen appeals his felony conviction in the District Court, Twentieth Judicial District, Lake County, of criminal possession of drugs with intent to sell on the grounds that the District Court erred in not suppressing evidence seized at the time of his arrest. On his conviction, Evjen was sentenced to 10 years imprisonment. We determine that the District Court properly denied Evjen's motion to suppress the evidence and we affirm his conviction.

Evjen's principal issue is that the trial court erred by refusing to suppress, and later admitting into evidence, certain tangible items seized in a warrantless search of an unoccupied motor vehicle on private property. The State contends that Evjen was under arrest at the time of the search of the motor vehicle, that the search was conducted incident to a valid arrest, and that the search comes within the automobile exception to the warrant requirement.

On the night of November 16, 1987, and the very early morning hours of November 17, Daniel Evjen, Darryl Cline, and Earlyn Mellstead were patrons of the Rocking G Bar near Polson, Montana. They had come to the bar in a Chevrolet pickup truck which was parked in the Rocking G parking lot near the building. Evjen had been a passenger in the motor vehicle.

While these patrons were in the bar, Officer Bruce Phillips of the Lake County Sheriff's office received a telephone tip from one Bill Morrison, an informant considered reliable, that certain individuals were selling drugs in the Rocking G parking lot. Officer Phillips and Officer Bill Pray went to the parking lot, met with Morrison, and there

learned from him that he had not in fact seen the drugs but that he had learned of them from Jessica Mangels, who was also in the bar. At about that time, the officers saw Jessica Mangels leave the area. Officer Phillips followed her and talked to her at a nearby trailer house.

Jessica Mangels was known to Officer Phillips because she had been a reliable informant in the past. She told Officer Phillips that before he arrived, she had been taken to an older red and white pickup truck by the shorter of two men in a group of three, a tall man, the short man, and a woman. In the truck, Jessica was shown a zip-lock baggie, full of what appeared to be marijuana. The baggie had been removed from a blue duffel bag. Jessica told Officer Phillips that she and the shorter man had smoked a marijuana cigarette and had discussed the sale and price of some marijuana.

After talking to Mangels, Officer Phillips returned to the parking lot to Officer Pray, who, with Morrison, were watching the truck that matched the description that Mangels had given.

While they were discussing whether Morrison should go into the bar and attempt to make a buy, the trio, Evjen, Cline and Earlyn Mellstead left the Rocking G bar to proceed toward the pickup. Officers Phillips and Pray were at that time standing between the motor vehicle and these three persons. The officers stopped them a distance from the motor vehicle and they were not allowed to approach the motor vehicle closer than several feet. Officer Phillips asked Cline for permission to search the pickup. Cline refused. Nevertheless, Phillips searched the passenger compartment of the pickup, and found a substantial quantity of marijuana in a ziplock baggie within a blue duffel bag. The three were then placed under arrest.

In contending that the warrantless search was unlawful, and that consequently his conviction was improper, Evjen relies on these factors: that at the time of the search, Evjen was not under arrest; that Officer Phillips testified at the suppression hearing that unless he had found drugs, he would not have placed Evjen and his companions under arrest; and that there were no exigent circumstances because Officers Phillips and Pray had detained and prevented the three persons from entering the pickup truck. Because of their detention, Evjen contends that the three persons did not have an opportunity to gain possession of a weapon or destructable evidence from the truck, the conditions usually required for the warrantless search of an automobile.

In essence, Evjen is contending that the officers did not have reasonable cause to make an arrest, before the search, that they did not make an arrest, and that therefore the warrantless search is improper absent an arrest.

The State contends that under State v. Thornton (Mont. 1985), 708 P.2d 273, 45 St.Rep. 1614, Evjen was under arrest because he understood that he was not free to leave the parking lot. It further contends that under § 46-5-101(1), MCA, the search of the vehicle here was proper as an incident to a lawful arrest. The State further contends that the warrantless arrest here was based on probable cause, the informant's tip, and so was based on reasonable grounds citing State v. Ribera (1979), 183 Mont. 1, 7, 597 P.2d 1164, 1168.

The disposition of this cause does not require a long discussion. Officer Phillips, before the warrantless search, had received specific information from an eye witness that an ongoing crime was being committed in which the pickup truck was involved. Though Officer Phillips may not have believed that he had probable cause at that point to make an arrest

(it appears he did have probable cause), he at least had a reasonable suspicion that a crime was being committed, and that the pickup was involved. In Terry v. Ohio (1968), 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889, the officer in that case, at that time, having a reasonable suspicion that a crime was ongoing based on specific and articulable facts, was held entitled to make an investigatory stop of the defendants. Here the governmental interest in enforcing the law outweighed the interests of the driver and passengers of the pickup in remaining secure from detention.

The resolution of this case does not depend upon whether the officers had made an actual arrest of Evjen, but whether under the "probable cause exception" the officers had probable cause to search the motor vehicle without a warrant.

In State v. Spielmann, Christensen (1973), 163 Mont. 199, 516 P.2d 617, we adopted for Montana law purposes the probable cause exception for motor vehicles developed in Carroll v. United States (1925), 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed 543, and Chambers v. Maroney (1970), 399 U.S. 42, 48, 90 S.Ct. 1975, 26 L.Ed.2d 419. In quoting from Chambers, supra, this Court said:

> Arguably, because of the preference for a magistrate's judgment, only the immobilization of the car should be permitted until the search warrant is obtained; arguably, only the "lesser" intrusion is permissible until the magistrate authorizes the "greater." But which is the "greater" and which is the "lesser" intrusion is itself a debatable question and the answer may depend on a variety of circumstances. For constitutional purposes, we see no difference between, on the one hand, seizing and holding a car before presenting the probable cause issue to a magistrate and on the other hand, carrying out an immediate search without a warrant. Given probable cause to search, either course is reasonable under the Fourth Amendment.

163 Mont. at 205, 516 P.2d at 621.

It was also stated in Chambers and adopted by this Court in Spielmann, that the right to search and the validity of the seizure are not dependent upon the right to arrest: they are dependent on the reasonable cause the seizing officer has for belief that the contents of the automobile offend against the law. 163 Mont. at 205; Chambers, 399 U.S. at 49.

Here, Officer Phillips had specific information from a reliable informant that she had been in the pickup, saw drugs therein, and she had described three persons who had come in the truck. When Officer Phillips returned, the information given him by the informant was confirmed in that three persons did approach the truck. There is no question that Officer Phillips had probable cause to search the truck at that time. The alternatives were to hold the truck until a magistrate or judge could issue a search warrant, or allow the three persons to get into their truck and drive away with the contraband evidence. Because the officers had probable cause to search the vehicle, the search was not unreasonable under the Fourth Amendment, even though an actual arrest of the defendant had not been made.

We are aware of the holding in U.S. v. Parr (9th Cir. 1988), 843 F.2d 1228. There, evidence obtained under a warrantless search of an automobile before arrest of the defendant was held inadmissible. The holding is based upon two principal grounds: (1) that the stop was for a traffic violation; and, (2) there was no probable cause to suspect there was contraband in the vehicle. Those grounds distinguish the Parr case from this case involving Evjen and Parr is not applicable authority here.

An analogy to this case might be found in U.S. v. Sharpe (1985), 470 U.S. 675, 105 S.Ct. 1568, 84 L.Ed.2d 605. In Sharpe, the officer, following two vehicles traveling in

- 6 -

tandem, decided an investigative stop was proper and radioed the South Carolina State Highway Patrol for assistance. When they attempted to stop the vehicles, one of them was pulled over to the side of the road, but the pickup continued on pursued by the state officer. The state officer stopped the truck, questioned the driver, and told him that he would be held until the other officer arrived. The other officer arrived at the scene about 15 minutes after the truck had been stopped. He confirmed his suspicion that the pickup truck was overloaded and approaching the rear of the pickup and camper, he reported smelling marijuana. At that point, he obtained the keys from the ignition of the pickup, opened the rear of the camper without the driver's permission and found a number of burlap wrapped bales which contained marijuana. Sharpe went to the United States Supreme Court on the question whether the detention of the driver of the pickup for 15 minutes was too long as a Terry stop. The propriety of the search of the truck at the same time was never questioned. In this case, the propriety of the Terry stop was not questioned, but the search of the vehicle is questioned. Under the circumstances here, the officers had the right to make an investigatory stop of the three persons as they approached the pickup truck. Moreover, the officers had reasonable cause based on the informant's tip, verified by the appearance of the three persons, to search the passenger compartment of the pickup truck. The District Court was correct in refusing to suppress the evidence. The conviction is affirmed.

John C. Sheehy
_____
Justice

We Concur:

_____

- 7 -

_L. C. Gulbrandson_,

_William E. Hunt Sr_

_J. C. McDonough_
Justices