No. 90-464

IN THE SUPREME COURT OF THE STATE OF MONTANA

1991

STATE OF MONTANA,

       Plaintiff and Respondent,

  v.

BOYD IRVIN BROELL,

       Defendant and Appellant.

FILED

JUN 25 1991

Ed Smith

CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Sixth Judicial District,
In and for the County of Park,
The Honorable Byron L. Robb, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

         Karl P. Seel, Attorney at Law, Bozeman, Montana

      For Respondent:

         Hon. Marc Racicot, Attorney General, Helena, Montana
George Schunk, Assistant Attorney General, Helena,
Montana
Wm. Nels Swandal, Park County Attorney, Livingston,
Montana; Tara DePuy, Deputy County Attorney,
Livingston, Montana

Submitted on Briefs:  May 10, 1991

Decided:  June 25, 1991

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

The appellant, Boyd Broell, was charged with criminal possession of dangerous drugs with intent to sell, under § 45-9-103, MCA, and criminal possession of dangerous drugs, under § 45-9-102, MCA. Broell was found guilty of both offenses at an uncontested bench trial held before the Sixth Judicial District Court, Park County. He now appeals a denial of his motion to suppress. We affirm.

The dispositive issue on appeal is whether the District Court erred in denying the appellant's motion to suppress.

On January 18, 1990, Livingston police officer Sam Frederick noticed a 1976 Chevrolet Camaro stopped on the median in the middle of Park Street in Livingston. The vehicle's motor was still running and an occupant was sitting behind the steering wheel in an unconscious state with his head leaning against the window of the driver's door. Officer Frederick circled the car, pulled up behind it, and activated his lights and siren. The occupant drove the car across the oncoming traffic lane and up onto the curb, where he stopped on the sidewalk. Officer Frederick walked over to the car, saw the appellant inside, opened the driver's door, and shut off the ignition.

The officer detected an odor of alcohol on Broell and, after field sobriety tests, the appellant was arrested for driving under the influence of alcohol. Officer Frederick left Broell's car where it was, locked it, and kept the keys.

The appellant was taken to the station where he was booked for

2

DUI. When asked to empty his pockets, Broell was reluctant to remove or give up his jacket. The police found in the appellant's jacket pocket a white tobacco pouch containing a small bag of what they believed was marijuana, a mirror, razor blade, tiny spoon and pipe, and a three inch plastic tube sniffer, all of which are items utilized by drug users. Also found in the appellant's possession were four small paper packets marked 1/4, 1/2 or 1, with white powder contents, which numbers Officer Frederick believed to signify the drug weights; a small yellow piece of paper that had initials and amounts on it, which Officer Frederick believed was a record of the appellant's customers who had bought drugs on credit; cash totalling $207 in one, five, ten and twenty dollar bills; and a small brown vial tucked into the back of the appellant's waistband, which contained white powder. The white powder in the paper packets and the vial were sent in for lab analysis and proved to be methamphetamine, commonly called "speed."

During the subsequent booking for possession of drugs with intent to sell, the appellant asked to make a telephone call. Broell asked whoever answered the telephone to go change the right front tire on his car and take the spare out of the trunk. This phone call, the fact that there had been no flat tire on the car, Broell's nervous demeanor and conduct, and the drugs found on his person made the police suspicious, so they decided to request a search warrant for the car. The dispatcher called a wrecker and had the car towed to the police garage pending application for, and issuance of, a search warrant.

3

The search warrant was issued at approximately 8:00 a.m., about three hours after Broell had been arrested for DUI. A search of the car disclosed nothing in the right front tire or the interior, but in the trunk, alongside the spare tire, the officers found a small, two-compartment knapsack. The lower compartment was unlocked and contained a few articles of clothing, some personal hygiene items, and a trifold wallet with $600 in cash and various credit cards. The upper compartment had a small padlock on it, which was opened with a key found on the ring with Broell's car keys. This compartment contained a leather eyeglass case and a vinyl bag.

Inside the eyeglass case police found $67 in one dollar bills and, stuffed beneath them, a matchbox-size tin container with eighteen pieces of blotter paper. Laboratory analysis later determined the blotter paper to be lysergic acid diethylamide, or "LSD".

The vinyl bag contained thirteen paper packets of drugs with various 1/4, 1/2, 1 and 8 markings similar to those on the packets found in Broell's possession when he was arrested, and one packet marked "Mine." Laboratory analysis determined the contents of the thirteen packets to be methamphetamine. The packet marked "Mine" was determined to be inositol, a non-dangerous substance used by drug dealers as a "cutting agent."

The articles and drugs found in Broell's trunk provided the basis for count II, possession of dangerous drugs. Broell filed a motion to suppress as evidence all items seized as a result of the search warrant on the grounds that no probable cause existed

4

to issue the warrant. The motion was denied and the appellant was found guilty on both counts. He appeals the denial of his motion to suppress.

The appellant attacks the District Court's denial of his motion to suppress on three grounds; first, he contends that the application for search warrant lacked sufficient probable cause to justify issuing a search warrant; second, he argues that the search warrant was deficient because it failed to describe with sufficient particularity the articles to be seized; and finally, he contends that the seizure of his vehicle prior to the issuance of a search warrant was unlawful.

The appellant's first argument is that Officer Frederick was on a "fishing expedition" and had no more probable cause to believe there were drugs in Broell's car than he had probable cause to believe there would be drugs at his home or his place of business. The appellant correctly points out that simply because there is probable cause to believe someone is guilty of a crime, does not mean there is probable cause to search that individual's home. However, the standard for probable cause is not a prima facie showing of criminal activity but rather a showing of the probability of criminal activity. State v. Dess (1982), 201 Mont. 456, 465, 655 P.2d 149, 154.

The existence of a probability of criminal activity is to be determined by an analysis of all the circumstances set forth in the application for search warrant. State v. O'Neill (1984), 208 Mont. 386, 679 P.2d 760.

The application for search warrant in question contained the

5

following information: the appellant had been arrested for DUI; drug paraphernalia and methamphetamine had been discovered on his person; a piece of paper which appeared to be a list of customers, and $207 in small bills were found on the appellant; the appellant told Officer Frederick he had just purchased the drugs; during the booking procedure, the appellant made a phone call to an unknown party requesting that he or she change the right front tire of his car, yet upon inspection there was nothing wrong with the right front tire.

The appellant addresses each piece of information separately, on a stand-alone basis, and then appears to conclude that probable cause does not exist. The appellant may be correct in his argument that possession of illegal drugs on the person does not provide probable cause for a search warrant of that person's vehicle. Likewise, neither a piece of paper with initials and numbers on it, nor $207 in small bills constitutes the necessary probable cause to search the appellant's vehicle when considered separately. But the factual circumstances of the entire application, including the telephone call made by Broell, are clearly sufficient to justify the issuance of a search warrant.

The appellant next argues that the search warrant is deficient because it described the items to be searched for as "drugs and drug paraphernalia." It is the appellant's position that such language is overly broad and could be interpreted to include legal drugs such as aspirin and alcohol.

We agree that "drugs and drug paraphernalia" is not the ideal language to use in describing particular items to be searched for

6

in a warrant. Nonetheless, under the circumstances of this case, we find such language to be an adequate description of the items to be seized. Section 46-5-201, MCA, requires that a search warrant particularly describe "the thing, place, or person to be searched and the instruments, articles, or things to be seized." The search warrant in question describes the place to be searched as Broell's 1976 green Camaro, and the things to be seized as "certain items which are contraband/evidence/fruits of the crime . . . and are particularly described as being drugs and drug paraphernalia." Moreover, the application for the search warrant reinforces the intended meaning of "drugs and drug paraphernalia" as used in the search warrant. The application states that

> [T]he offense of felony possession of dangerous drugs has been committed and . . . in the defendant's car . . . there are now located certain items which are contraband/ evidence/fruits of the crime/instrumentalities and articles used in the commission of a crime and are particularly described as being drugs and drug paraphernalia.

We stated in State v. Peterson (1987), 227 Mont. 503, 741 P.2d 392, that when the application is signed by the officer who is named in the search warrant and it is that officer who personally serves such warrant, the documents are construed together to determine whether the requirement of particularly describing the thing to be seized has been met.

Upon reviewing the search warrant and the application together, the fact that Officer Frederick was to search for and seize _illegal_ drugs is inescapable. The appellant's contention, that in order to constitute probable cause to search, an officer ought to be able to identify what type or types of illegal

7

contraband the officer expects to find, is unsound. As the state points out, no police officer can anticipate what specific wares a suspected drug dealer will possess at any given time.

The search warrant in this case could have been drafted more carefully. When it is read together with the application, however, it sufficiently describes the place to be searched and the things to be seized.

The appellant's final argument is that his car was unlawfully seized when the police impounded it prior to the issuance of the search warrant. The appellant apparently argues that seizing the car for DUI-related reasons would have been acceptable, but seizing the car in order to search it was unacceptable. The appellant contends that the police officers needed a warrant to seize the car as well as to search the car.

The appellant is incorrect for two reasons. First, the warrantless seizure of the car falls under the "automobile exception" to illegal searches and seizures. We adopted this exception in State v. Spielmann (1973), 163 Mont. 199, 516 P.2d 617, where we distinguished between automobiles and nonmovable premises. An automobile may be seized or searched by police without a warrant where there is probable cause to believe such automobile's contents "offend against the law." State v. Evjen (1988), 234 Mont. 516, 765 P.2d 708. As we have already stated, there was sufficient probable cause under the facts of this case to believe that illegal drugs were located in Broell's car.

Finally, even if we were to conclude that Broell's car was unlawfully seized, we still would not find error in the denial of

8

the motion to suppress. Evidence secured from an impounded automobile will not be suppressed when such automobile is searched pursuant to a warrant that is based on information wholly independent of the seizure:

> The items were secured during a search conducted pursuant to a warrant. Towing the automobile to the police storage lot for safekeeping in no way contributed to the subsequent search. The search warrant was based on information wholly independent of the automobile seizure. The exclusionary rule is therefore inapplicable to the items secured from the automobile. (Citation omitted.)

United States v. Bagley (9th Cir. 1985), 772 F.2d 482, 491. All the information contained in the application for the search warrant was obtained from sources totally independent of the seizing of Broell's car.

For the foregoing reasons, we hold that the District Court properly denied the appellant's motion to suppress. Affirmed.

Justice

We concur:

Chief Justice

Justices