No. 03-857

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 242

STATE OF MONTANA,

Plaintiff and Respondent,

v.

GARRIT EVAN FRASURE,

Defendant and Appellant.

APPEAL FROM:   District Court of the Eighth Judicial District,
In and for the County of Cascade, Cause No. ADC 2002-414-1(b)
The Honorable Julie Macek, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Carl B. Jensen Jr., Public Defender Office, Great Falls, Montana

For Respondent:

Honorable Mike McGrath, Montana Attorney General, Tammy K Plubell,
Assistant Attorney General, Helena, Montana; Brant Light, Cascade County
Attorney, Joel Thompson, Deputy County Attorney, Great Falls, Montana

Submitted on Briefs:  August 18, 2004

Decided:  September 8, 2004

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1     Garrit Evan Frasure (Frasure) appeals the judgment of the Eighth Judicial District Court, Cascade County, denying his motion to suppress evidence seized from a search of his vehicle.

¶2     We address the following issue on appeal and affirm:  Did sufficient evidence exist to support the search warrant obtained for the search of Frasure's vehicle?

¶3     We decline to address the following issue Frasure also raises, as he raises it now for the first time on appeal:  Is the omnibus hearing a critical stage of a criminal proceeding, thereby requiring Frasure's presence?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶4     On September 27, 2002, Officer Eric Baumann (Officer Baumann) saw Frasure sitting in the front passenger seat of a vehicle that was at a restaurant.  Officer Baumann recognized Frasure, checked the vehicle's license plate, and had confirmed for him the fact that Frasure owned the vehicle in which he was sitting.  At that point, Officer Baumann was also told that there was a warrant out for Frasure's arrest.  Officer Baumann, who was assisted by Officer Jason Cichosz (Officer Cichosz), then approached Frasure to arrest him.

¶5     Upon approaching Frasure, both officers noticed that Frasure appeared jittery and nervous in nature, his speech was accelerated and choppy, and he was sweating.  Based on the officers experience and training, they knew Frasure's actions were consistent with a person who was under the influence of methamphetamine.  The officers also knew from previous investigations that Frasure was addicted to methamphetamine and that he had been

2

arrested for methamphetamine offenses in the past.

¶6 The officers began speaking to Frasure, after which time Frasure stated that he had more drugs, but then said that he had left those drugs at a friend's house.[1] Officer Cichosz then conducted a pat-down search of Frasure--incident to Frasure's arrest--and found a ceramic pipe, like those used to ingest marijuana, in Frasure's left pocket.

¶7 Frasure denied consent to a search of his vehicle, which the officers later impounded. Officer Baumann then obtained a search warrant and found a considerable amount of drugs and drug paraphernalia in Frasure's vehicle, including: a digital scale; one hundred seventy three dollars in cash; three baggies of methamphetamine; five baggies of marijuana; two packages of twenty seven pills of acetaminophen/codeine; one capsule of oxycodene; and one package of nyproxin pills.

¶8 Frasure moved to suppress the evidence found on his person and in his vehicle. The District Court denied this motion. Frasure, ultimately, was convicted by a jury of criminal possession of dangerous drugs with intent to distribute, a felony, and criminal possession of drug paraphernalia, a misdemeanor.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a motion to suppress to determine whether the district court's findings of fact are clearly erroneous and whether the district court's conclusions of law are correct. A district court's findings of fact are clearly erroneous if they

---

[1] The State of Montana concedes that these statements were obtained in violation of Frasure's *Miranda* rights. Thus, these statements are not at issue in this appeal.

are not supported by substantial evidence, if the district court misapprehended the effect of the evidence, or if review of the record reveals that a mistake was committed. *State v. Hill*, 2004 MT 184, ¶ 12, 322 Mont. 165, ¶ 12, 94 P.3d 752, ¶ 12.

## DISCUSSION

¶10 **1. Did sufficient evidence exist to support the search warrant obtained for the search of Frasure's vehicle?**

¶11 Frasure argues that there was insufficient probable cause to support the officers' search warrant regarding methamphetamine, marijuana, and drug paraphernalia. Specifically, Frasure argues that because the police indicated in their warrant that the pipe they found was the kind used to ingest marijuana, and not methamphetamine, the only evidence the police had supporting the possibility of methamphetamine possession was Frasure's appearance and reputation. This appearance and reputation, Frasure argues, is not enough to raise mere suspicion to probable cause that Frasure had methamphetamine in his vehicle.

¶12 In addition, Frasure contends that "the only evidence to support the possibility that marijuana . . . [was] in the car . . . [was] the pipe, which the State conceded was not enough to establish probable cause for a search on its own." Frasure argues that his appearance was consistent with possible methamphetamine use, not marijuana use. Hence, the officers did not have sufficient probable cause to search for marijuana. Finally, Frasure argues that, regarding the drug paraphernalia, there "simply" was not enough information to provide the officers "with a basis to search the car for possible drug paraphernalia."

4

¶13 The State of Montana (the State) counters that in looking at the "four corners" of the search warrant application, probable cause existed to search Frasure's vehicle. Specifically, the State argues that Officer Baumann "pursued the correct course of action" in applying for a search warrant to search Frasure's vehicle, given his observations "in conjunction with the information he already knew about Frasure, as well []as his training and experience regarding the indicators of methamphetamine usage." We agree.

¶14 Section 46-5-221, MCA, states:

> A judge shall issue a search warrant to a person upon application, in writing or by telephone, made under oath or affirmation, that:
> (1) states facts sufficient to support probable cause to believe that an offense has been committed;
> (2) states facts sufficient to support probable cause to believe that evidence, contraband, or persons connected with the offense may be found;
> (3) particularly describes the place, object, or persons to be searched; and
> (4) particularly describes who or what is to be seized.

¶15 Probable cause exists "if the facts and circumstances within an officer's personal knowledge . . . are sufficient to warrant a reasonable person to believe that someone has . . . committed an offense." *State v. Williamson*, 1998 MT 199, ¶ 12, 290 Mont. 321, ¶ 12, 965 P.2d 231, ¶ 12. Probable cause is evaluated "in light of a trained law enforcement officer's knowledge, taking into account all the relevant circumstances." *Williamson*, ¶ 12.

¶16 Here, upon being informed that there was a warrant out for Frasure's arrest, Officer Baumann and Officer Cichosz approached Frasure to arrest him. At that point, both officers noticed that Frasure "appeared jittery and nervous," that his speech was "accelerated and choppy," and that Frasure was sweating. Based on these observations, both officers knew

5

from their experience and training that Frasure's demeanor was consistent with a person who was under the influence of methamphetamine. They also knew, from previous encounters with and arrests of Frasure, that he was addicted to methamphetamine. After making these observations and arresting Frasure, Officer Cichosz conducted a pat-down search of Frasure, finding a ceramic pipe in his left pocket. And, based on this information, Officer Baumann impounded Frasure's vehicle, obtained a search warrant, and thereafter found a considerable amount of drugs and drug paraphernalia.

¶17    In light of both Officer Baumann's and Officer Cichosz's knowledge, we conclude that probable cause existed to support the search of Frasure's vehicle, given that the facts and circumstances--namely, Frasure's nervousness, accelerated speech, the ceramic pipe found on his person, and the officers' prior knowledge of Frasure's methamphetamine addiction--indicated sufficient evidence to support their beliefs that Frasure had committed an offense. Therefore, we hold that the District Court did not err in denying Frasure's motion to suppress.

¶18    **2.    Is the omnibus hearing a critical stage of a criminal proceeding, thereby requiring Frasure's presence?**

¶19    We have repeatedly held that we will not review issues raised for the first time on appeal, as it is unfair to fault the District Court for something that it never had opportunity to decide. *Kallowat v. State*, 2004 MT 152, ¶ 12, 321 Mont. 501, ¶ 12, 92 P.3d 1176, ¶ 12. Therefore, we decline to address Frasure's second issue raised here.

¶20    Affirmed.

6

/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA O. COTTER
/S/ JIM REGNIER
/S/ JIM RICE