No. 03-719

IN THE SUPREME COURT OF THE STATE OF MONTANA

2004 MT 331

STATE OF MONTANA,

  Plaintiff and Respondent,

    v.

DONALD ROGER GRIFFIN, III,

  Defendant and Appellant.

APPEAL FROM:    District Court of the Second Judicial District,
                In and for the County of Silver Bow, Cause No. DC-03-39,
                The Honorable Kurt D. Krueger, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

        Kenneth R. Olson, Attorney at Law, Great Falls, Montana

        For Respondent:

        Hon. Mike McGrath, Attorney General; Jim Wheelis, Anthony C. Johnstone,
        Assistant Attorneys General, Helena, Montana

        Robert M. McCarthy, Silver Bow County Attorney; Samm Cox, Deputy
        County Attorney, Butte, Montana

                        Submitted on Briefs:  July 14, 2004

                            Decided:   November 23, 2004

Filed:

        _____
                        Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Donald Roger Griffin, III (Griffin), appeals from an order of the Second Judicial District Court, Silver Bow County, entered June 6, 2003, denying Griffin's motion to suppress. We affirm.

¶2 We address the following issues on appeal:

¶3 1. Did the District Court err in not suppressing evidence of a methamphetamine pipe found on Griffin's person when he was arrested?

¶4 2. Did the District Court err in not suppressing evidence found in the bed of Griffin's pickup truck?

¶5 3. Did the District Court err in not suppressing evidence found in Griffin's residence?

BACKGROUND

¶6 On February 6, 2003, Butte-Silver Bow Police Officer Sharman Hock observed Griffin driving his pickup. Officer Hock was aware Griffin did not have a valid license, but confirmed this fact with dispatch. She followed Griffin to a residence where she observed him exit his vehicle and walk towards the residence. Pursuant to a city court policy directing that anyone stopped for driving on a revoked or suspended license should be arrested, booked, and taken to jail, Officer Hock arrested Griffin and handcuffed him. When asked if he had anything sharp, Griffin replied that he had a knife. Officer Hock felt and retrieved a small hard object in a black case in Griffin's pocket. The object was a glass pipe with white residue on it. Officer Hock recognized the pipe and white residue as drug paraphernalia.

¶7 Griffin then informed Officer Hock he had a gun inside his pickup, but declined her request to search the vehicle. Officer Hock applied for and received a search warrant

2

authorizing a search for evidence of drug possession in Griffin's pickup. When Officer Hock approached Griffin's pickup to search it, she saw in the open truck bed two semi-transparent garbage bags, through which she saw boxes of matches and pseudoephedrine, items she knew could be used to manufacture methamphetamine. Officer Hock then called in the Southwest Montana Drug Task Force. Pursuant to another search warrant, the Task Force searched Griffin's residence and found booby-trapped explosives protecting a methamphetamine lab.

¶8 Griffin was charged with four felony counts: Count I, Operation of an Unlawful Clandestine Laboratory, in violation of § 45-9-132, MCA; Count II, Criminal Possession of Dangerous Drugs with Intent to Sell, in violation of § 45-9-103, MCA; Count III, Criminal Possession of Property Subject to Forfeiture, in violation of § 45-9-206, MCA; and Count IV, Possession of Explosives in violation of § 45-8-335, MCA.

¶9 On May 1, 2003, Griffin filed a motion to suppress all evidence obtained in the searches of his person, vehicle, and home and all statements he made. Griffin also filed a motion to dismiss the charge of Possession of Explosives. The motions were set for hearing and heard by the District Court on May 28, 2003. The District Court denied Griffin's motion to suppress June 6, 2003. Thereafter, pursuant to a plea agreement, Griffin pled guilty to Counts I and III and to driving under the influence, a charge related to a previous incident. He reserved his right to appeal all pre-trial rulings by the District Court.

¶10 Griffin now appeals from the District Court's denial of his motion to suppress.

STANDARD OF REVIEW

¶11 We review a district court's denial of a motion to suppress "to determine whether the

3

court's findings of fact are clearly erroneous and whether its interpretation and application of the law are correct." *City of Cut Bank v. Bird*, 2001 MT 296, ¶ 9, 307 Mont. 460, ¶ 9, 38 P.3d 804, ¶ 9. Further, as a reviewing court, this Court's function is to ultimately ensure the issuing judge had a "substantial basis" to determine probable cause existed before issuing the search warrant. *State v. Reesman*, 2000 MT 243, ¶ 19, 301 Mont. 408, ¶ 19, 10 P.3d 83, ¶ 19 (citation omitted). A judge's determination of probable cause is given great deference and every reasonable inference possible will be drawn to support that determination. *Reesman*, ¶ 19.

## DISCUSSION

## ISSUE ONE

¶12 Did the District Court err in not suppressing evidence of a methamphetamine pipe found on Griffin's person when he was arrested?

¶13 Griffin asserts Officer Hock's warrantless search of his person was an unlawful invasion of his privacy not justified by a compelling state interest. Specifically, Griffin argues the State's retrieval of the methamphetamine pipe from his person was not a lawful search incident to arrest, a recognized exception to the warrant requirement, because none of the grounds listed in § 46-5-102, MCA, were present.

¶14 The State argues Officer Hock's search of Griffin was authorized by § 46-5-102(1), MCA, which permits a warrantless search of a person incident to an arrest in order to protect a peace officer from attack. Specifically, the State asserts that, in order to protect herself and other officers from an attack by Griffin, who stated he had a knife, Officer Hock was entitled to search Griffin's person. The State argues in the alternative, that if this Court finds the

4

search illegal, then the search which discovered the methamphetamine pipe is still valid under the inevitable discovery doctrine.

¶15 The District Court found Officer Hock's testimony credible and believed she effectuated a valid search incident to arrest. The Court found Officer Hock was justified in opening the black nylon case in order to discern if the small hard object was the knife. The Court denied Griffin's motion to suppress on that basis.

¶16 This Court notes that Griffin was never charged with possession of drug paraphernalia, in violation of § 45-10-103, MCA. All of the charges filed against Griffin were supported by evidence obtained from a search of Griffin's house, the legality of which will be discussed later in this Opinion. Thus, the determination of this issue is irrelevant as it has no effect on Griffin's rights. As such, this Court will not address it.

ISSUE TWO

¶17 Did the District Court err in not suppressing evidence found in the bed of Griffin's pickup truck?

¶18 Griffin argues that a pipe, untested for drug residue at the time of the search warrant application, is not sufficient probable cause upon which to issue a search warrant for his pickup. Griffin also asserts the District Court's findings are erroneous because they did not discuss the search of Griffin's pickup and residence.

¶19 The State argues the pipe, smudged with what appeared to be white methamphetamine residue, provided sufficient probable cause to believe Griffin's pickup might contain similar items, especially because Griffin exited his pickup immediately prior to being arrested. The State also points out the items seized from Griffin's pickup were in

5

plain view.

¶20 Section 46-5-221, MCA, states that a judge shall issue a search warrant upon application made under oath or affirmation, that: (1) states facts sufficient to support probable cause to believe that an offense has been committed; (2) states facts sufficient to support probable cause to believe that evidence, contraband, or persons connected with the offense may be found; (3) particularly describes the place, object, or persons to be searched; and (4) particularly describes who or what is to be seized.

¶21 In the context of issuing a search warrant, probable cause exists if the facts and circumstances within an officer's personal knowledge are sufficient to warrant a reasonable person to believe that someone has committed an offense. Probable cause is evaluated in light of a trained law enforcement officer's knowledge, taking into account all the relevant circumstances. *State v. Frasure*, 2004 MT 242, ¶ 15, 323 Mont. 1, ¶ 15, 97 P.3d 1101, ¶ 15.

¶22 In *Frasure*, we upheld a district court's denial of a motion to suppress drug evidence found in the defendant's vehicle, stating the facts and circumstances, namely the defendant's nervousness, accelerated speech, the ceramic pipe found on his person, and the officers' prior knowledge of the defendant's methamphetamine addiction was sufficient probable cause to support the search warrant. *Frasure*, ¶ 17.

¶23 No such circumstances exist here. The only evidence supporting the search warrant for Griffin's pickup was the existence of a pipe found on his person with untested white residue on it and the fact Griffin had recently exited his pickup. "A mere affirmance of belief or suspicion by a police officer, absent any underlying facts or circumstances, does not establish probable cause for the issuance of a search warrant." *State v. Lott* (1995), 272

6

Mont. 195, 199, 900 P.2d 306, 309 (citation omitted).

¶24 Regardless of whether the methamphetamine pipe was properly seized, this, without more, is not sufficient evidence to warrant a reasonable person to believe Griffin's pickup would contain evidence of an offense. Just because a person has a pipe in his pocket with untested white residue on it, does not mean his vehicle will contain evidence of a drug offense. The search warrant issued for Griffin's pickup was not supported by probable cause.

¶25 However, the majority of the incriminating items seized from Griffin's pickup were located in plain view in the pickup bed. While it is true Montana's Constitution provides its citizens with broad privacy protections, *State v. Elison*, 2000 MT 288, ¶ 46, 302 Mont. 228, ¶ 46, 14 P.3d 456, ¶ 46, what a person knowingly exposes to the public is not protected. *Elison*, ¶ 49. We have consistently stated that items stored in non-concealed areas of a vehicle are not constitutionally protected. *State v. Tackitt*, 2003 MT 81, ¶ 20, 315 Mont. 59, ¶ 20, 67 P.3d 295, ¶ 20; *Elison,* ¶ 49.

¶26 It is not disputed Griffin was lawfully arrested for driving without a license. When Officer Hock went back to Griffin's pickup, even though the warrant to search the cab was invalid, she was lawfully located in a place from which she could view the evidence in Griffin's pickup bed–the street on which the pickup was parked. The incriminating nature of the evidence was immediately apparent, and Griffin had no reasonable expectation of privacy in such items. Under these circumstances, Officer Hock did not violate his rights to be free from an unlawful search and seizure when she removed this evidence from the open bed of his pickup.

¶27    Griffin argues the evidence seized from his pickup could have come from another source, namely that someone else put the evidence in the back of his pickup sometime after his arrest but before Officer Hock located it. There is no evidence in the record to support such an allegation. Further, the items found in the pickup bed supported a finding of probable cause to issue a search warrant for Griffin's house, which is different from the proof necessary to sustain a conviction.

¶28    While this Court has concluded the search warrant issued for Griffin's pickup was not supported by probable cause, the District Court's error was harmless because the items seized from Griffin's pickup bed did not require a search warrant before being seized.

¶29    As for the items obtained from the cab of Griffin's pickup, these should have been suppressed. However, all of the charges against Griffin were supported by evidence obtained from Griffin's residence, the legality of which is discussed below, and therefore the failure to exclude the evidence obtained from the cab of Griffin's pickup was not prejudicial. Section 46-20-701(1), MCA, provides that "[a] cause may not be reversed by reason of any error committed by the trial court against the convicted person unless the record shows that the error was prejudicial." *State v. Berg*, 1999 MT 282, ¶ 22, 296 Mont. 546, ¶ 22, 991 P.2d 428, ¶ 22 (citation omitted).

ISSUE THREE

¶30    Did the District Court err in not suppressing evidence found in Griffin's residence?

¶31    Although the District Court did not make an explicit finding that probable cause supported the search warrant issued for Griffin's residence, it was implicit in its decision to deny Griffin's motion to suppress. Griffin's only argument that the search warrant for his

residence is invalid is that it was issued based on the items found in his pickup, which Griffin asserts were illegally seized.

¶32    Since we have already determined the evidence from the bed of Griffin's pickup was legally seized, its existence was sufficient to support a finding of probable cause for issuance of the search warrant for Griffin's residence.  We hold the District Court did not err in not suppressing the evidence obtained from Griffin's residence.

¶33    Affirmed.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JIM REGNIER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART