No. 04-444

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 182

STATE OF MONTANA,

        Plaintiff and Respondent,

   v.

ROY DEAN PIERCE,

        Defendant and Appellant.


APPEAL FROM:    District Court of the Fourth Judicial District,
                     In and for the County of Missoula, Cause No. DC 2003-67,
                     The Honorable John W. Larson, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

                Kristina Guest, Appellate Defender Office, Helena, Montana

        For Respondent:

                Hon. Mike McGrath, Attorney General; Jon Ellingson,
                Assistant Attorney General, Helena, Montana

                Fred Van Valkenberg, Missoula County Attorney; Jennifer S. Johnson,
                Deputy County Attorney, Missoula, Montana


                Submitted on Briefs:  June 8, 2005

                           Decided:  July 20, 2005

Filed:

_____
                      Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Roy Dean Pierce (Pierce) appeals from the denial of his motion by the Fourth Judicial District Court, Missoula County, to suppress drugs and drug paraphernalia found in his truck. We affirm.

¶2 Pierce raises the following issues on appeal:

¶3 1. Whether probable cause existed to support the warrantless seizure of Pierce's truck.

¶4 2. Whether probable cause existed to support the issuance of a search warrant to search Pierce's truck.

## BACKGROUND

¶5 Highway Patrol Officer Scott Hoffman (Officer Hoffman) responded to a one-car accident site where he found Pierce sitting in his truck. Pierce got out of his truck and provided Officer Hoffman with his driver's license, proof of insurance, and registration demonstrating that he owned the truck. Officer Hoffman's call to the dispatcher revealed that Pierce had over $8,000 in outstanding warrants. Officer Hoffman arrested Pierce and placed him in the back of the patrol car at which time Pierce requested that Officer Hoffman retrieve a phone book from the dashboard of his truck.

¶6 Officer Hoffman opened the truck to retrieve Pierce's phone book and noticed a "strong odor of burnt marijuana." Officer Hoffman confronted Pierce about the odor and Pierce replied that someone had been smoking marijuana earlier in the truck, but that he did not smoke marijuana due to drug-testing requirements for his job. Pierce refused Officer Hoffman's request to search the truck. Officer Hoffman then asked dispatch to run a

2

criminal history check on Pierce that uncovered earlier drug-related offenses.

¶7　Officer Hoffman sealed the truck with evidence tape and called a tow truck to impound it while he sought to obtain a search warrant. The tow truck arrived and Officer Hoffman left the scene to take Pierce to jail. An unidentified woman arrived a short time later and asked the tow truck driver if she could retrieve items from the truck. The tow truck driver informed the woman that Officer Hoffman had left instructions that the truck was to remain sealed. The woman left abruptly when the tow truck driver called Officer Hoffman to report her request. An unidentified woman also later called the highway patrol dispatch asking to retrieve items from Pierce's truck. The woman hung up when the dispatcher informed her that her call would be transferred to Officer Hoffman.

¶8　Officer Hoffman contacted the Missoula Police Department for assistance after Pierce's arrest. In response, Officer Ken Wickman from the Missoula Police Department brought his K-9 officer, Boaz, to sniff Pierce's truck. Boaz "alerted" to the passenger side of the truck.

¶9　Officer Hoffman obtained a search warrant for the truck two days after seizing and impounding Pierce's truck. Officer Hoffman based his application for the search warrant on the accident, Pierce's outstanding warrants, the smell of marijuana in the truck, Pierce's admission that someone recently had smoked marijuana in the truck, Pierce's denial of consent to search the truck, Pierce's earlier drug-related offenses, the unknown woman's attempts to remove property from the truck, and the K-9 sniff and "alert." District Court Judge Harkin concluded from Officer Hoffman's application that probable cause existed to justify issuing a warrant to search Pierce's truck. The search turned up an inventory of drugs

3

and drug paraphernalia. The State charged Pierce with felony criminal possession of dangerous drugs and two other misdemeanor drug offenses.

¶10 Pierce filed a motion to suppress the evidence obtained from the search of his truck. He asserted that the State lacked probable cause to seize his truck and lacked probable cause to support the issuance of the warrant to search his truck. Officer Hoffman conceded at the suppression hearing that the information filed in his affidavit concerning the number of Pierce's past drug-related offenses could have been wrong. He further conceded that the two days between impounding Pierce's truck and the search provided "plenty of time" to confirm Pierce's criminal history. Officer Hoffman admitted that he had failed to confirm it. Indeed Pierce had only one prior misdemeanor drug conviction approximately twenty-five years before his arrest. He did have prior convictions, however, for several other offenses.

¶11 District Court Judge Larson denied the motion to suppress. Pierce pled guilty to all three counts pursuant to a plea agreement and reserved his right to appeal the court's denial of his motion to suppress. The District Court sentenced Pierce to five years to the Department of Corrections and suspended the entire sentence. Pierce now appeals the District Court's denial of his motion to suppress.

STANDARD OF REVIEW

¶12 We review a district court's denial of a motion to suppress to determine whether its findings of facts prove clearly erroneous and whether its interpretation and application of the law remains correct. *State v. Dewitt*, 2004 MT 317, ¶ 21, 324 Mont. 39, ¶ 21, 101 P.3d 277, ¶ 21. A court's findings are clearly erroneous if they are not supported by substantial evidence, the court misapprehended the effect of the evidence, or we are convinced by our

4

review of the record that a mistake has been committed. *Dewitt*, ¶ 21.

¶13 In reviewing a motion to suppress evidence discovered as a result of a search pursuant to a valid warrant, we normally review with deference a magistrate's determination of probable cause in the search warrant. *State v. Tackitt*, 2003 MT 81, ¶ 11, 315 Mont. 59, ¶ 11, 67 P.3d 295, ¶ 11 (citing *State v. St. Marks*, 2002 MT 285, ¶ 14, 312 Mont. 468, ¶ 14, 59 P.3d 1113, ¶ 14). When information must be excised from the application for the search warrant, however, we review the warrant *de novo* for probable cause. *Tackitt*, ¶ 11. We review *de novo* the district court's conclusion of law when denying a motion to suppress. *Dewitt*, ¶ 21.

## DISCUSSION

### ISSUE ONE

¶14 Whether probable cause existed to support the warrantless seizure of Pierce's truck.

¶15 Pierce contends that Officer Hoffman lacked probable cause to seize and impound his truck and thereby violated his right to be protected against unreasonable seizure. Officer Hoffman seized Pierce's truck without a warrant, after arresting him based on his outstanding warrants, when he placed evidence tape around the truck and had it towed and impounded. Officer Hoffman did so, however, only after smelling burnt marijuana in the truck and Pierce admitted that someone had smoked marijuana in the truck.

¶16 This matter mirrors *State v. Broell* (1991), 249 Mont. 117, 122, 814 P.2d 44, 47, where Broell argued that the police unlawfully seized his car when they impounded it without a warrant before the issuance of a search warrant. We held that a warrantless seizure of a car fell under the "automobile exception" to illegal searches and seizures and is

5

permissible "where there is probable cause to believe that such automobile's contents 'offend against the law.'" *Broell*, 249 Mont. at 122, 814 P.2d at 47 (citing *State v. Evjen* (1988), 234 Mont. 516, 765 P.2d 708).

¶17     Pierce contends that *Broell* should not control this matter as we have since rejected the "automobile exception" and demands that "a warrantless search of an automobile requires the existence of probable cause as well as a generally applicable exception to the warrant requirement such as a plain view search, a search incident to arrest, or exigent circumstances." *State v. Elison*, 2000 MT 288, ¶¶ 53-54, 302 Mont. 228, ¶¶ 53-54, 14 P.3d 456, ¶¶ 53-54. Pierce claims that he maintained a privacy interest in his truck and invites us to apply Montana's fundamental right to privacy under Article II, Section 10, of the Montana Constitution to the seizure of his truck. He points to *State v. Martinez*, 2003 MT 65, ¶ 52, 314 Mont. 434, ¶ 52, 67 P.3d 207, ¶ 52, where we held that a traffic stop based on an unreliable tip constituted an unconstitutional infringement on Martinez's right to privacy.

¶18     Pierce seemingly again forgets, however, that Officer Hoffman smelled the burnt marijuana, not based on a tip, but because he requested that Officer Hoffman retrieve his phone book from the truck. Pierce apparently also has a memory lapse regarding his own admission, and not that of an informant's admission, that someone had committed the offense of smoking marijuana inside of the truck. We therefore reject Pierce's invitation to disallow the seizure of his truck under Article II, Section 10, and conclude that, for today, *Broell* controls the warrantless seizure. *See Elison*, ¶ 54, n. 3. As we have noted, "the seizure at issue in *Broell* was lawful regardless of exigent circumstances because 'there was sufficient probable cause under the facts of this case to believe that illegal drugs were located in

6

Broell's car.'" *Elison*, ¶ 54, n. 3 (quoting *Broell*, 249 Mont. at 123, 814 P.2d at 47).

¶19    Similar to *Broell*, we will base our analysis on Officer Hoffman's probable cause to conduct the warrantless seizure solely on the information that Officer Hoffman received before towing and impounding the truck. *Broell*, 249 Mont. at 122, 814 P.2d at 47. We agree with the State that Officer Hoffman possessed sufficient facts before towing the truck, including the smell of burnt marijuana, Pierce's admission that someone had smoked marijuana in the truck, and the dispatch report that Pierce had earlier drug-related convictions, upon which to conclude that the contents of Pierce's truck "offended against the law." *Broell*, 249 Mont. at 122, 814 P.2d at 47.

¶20    Pierce attempts to eliminate Officer Hoffman's reliance on Pierce's criminal record as justification to seize the truck because his only prior drug offense had been a 25 year-old misdemeanor possession of drugs conviction. Pierce points to *Tackitt*, ¶ 6, where we concluded that a seven-year-old misdemeanor drug citation proved insufficient to serve as corroboration for an anonymous tip to establish particularized suspicion to order a canine sniff. *Tackitt*, ¶ 41. We first note that *Tackitt* is not controlling given that the issue here involves a seizure of a truck based upon the owner's admission that an offense had taken place inside it and not whether the required particularized suspicion existed, based on stale information, to conduct a dog sniff. *Tackitt*, ¶ 41. Officer Hoffman relied on the information that the dispatcher provided at that time, which was that Pierce had several earlier drug-related offenses.

¶21    We agree with the State that even if Officer Hoffman improperly considered Pierce's earlier drug-related offenses in deciding to seize the truck, sufficient facts upon which

7

Officer Hoffman could conclude that the contents of the truck "offended the law" remained. Officer Hoffman still smelled burnt marijuana and Pierce admitted that someone had smoked marijuana in the truck earlier that same day.

¶22    Pierce next argues that the odor of marijuana is insufficient to establish probable cause for the warrantless seizure of his truck. *State v. Schoendaller* (1978), 176 Mont. 376, 382, 578 P.2d 730, 734, *followed by State v. Olson* (1979), 180 Mont. 151, 155, 589 P.2d 663, 665. These cases do not control here. *Schoendaller* concerned the issue of probable cause to conduct a warrantless search based on the odor of marijuana alone. *Olson* concerned probable cause to obtain a search warrant again relying exclusively on the odor of marijuana. We agree with the State's assertion that throughout his argument, Pierce continually glosses over the fact that he admitted that a crime – marijuana smoking – had been committed in the truck, and that this fact cannot be ignored. Officer Hoffman used the odor *in conjunction with* Pierce's admission to establish probable cause to seize the truck.

¶23    We conclude that Officer Hoffman had probable cause to support the warrantless seizure of Pierce's truck.

ISSUE TWO

¶24    Whether probable cause existed to support the issuance of a search warrant to search Pierce's truck.

¶25    Pierce argues that much of the information reported in Officer Hoffman's affidavit and upon which Judge Harkin relied on to issue the search warrant must be thrown out. He contends that when the Court disregards certain elements such as the K-9 alert, Officer Hoffman's erroneous belief that Pierce had several past drug convictions, and the unknown

8

woman's attempts to enter the truck and retrieve items, the remaining facts are inadequate to establish probable cause to justify the issuance of a search warrant.

¶26 A search warrant may be issued upon an application made under oath or affirmation that: (1) states facts sufficient to support probable cause to believe that an offense has been committed; (2) states facts sufficient to support probable cause to believe that evidence, contraband, or persons connected with the offense may be found; (3) particularly describes the place, object, or persons to be searched; and (4) particularly describes who or what is to be seized. Section 46-5-221, MCA; *State v. Griffin*, 2004 MT 331, ¶ 20, 324 Mont. 143, ¶ 20, 102 P.3d 1206, ¶ 20.

¶27 We have adopted the totality of the circumstances tests set forth in *Illinois v. Gates* (1983), 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527, to determine whether probable cause existed to issue a search warrant. *State v. Kuneff*, 1998 MT 287, ¶ 22, 291 Mont. 474, ¶ 22, 970 P.2d 556, ¶ 22. Probable cause exists if all of the relevant facts and circumstances within a trained law enforcement officer's knowledge are sufficient to warrant a reasonable person to believe that someone has committed an offense. *Griffin*, ¶ 21 (citing *State v. Frasure*, 2004 MT 242, ¶ 15, 323 Mont. 1, ¶ 15, 97 P.3d 1101, ¶ 15). We review the issuance of a search warrant to ensure that the issuing judge had a "substantial basis" to determine probable cause existed. *State v. Reesman*, 2000 MT 243, ¶ 19, 301 Mont. 408, ¶ 19, 10 P.3d 83, ¶ 19 (citation omitted). We give a judge's determination of probable cause great deference and we will draw every reasonable inference possible to support that determination. *Reesman*, ¶ 19.

¶28 Pierce asserts that "a mere affirmance or belief or suspicion by a police officer, absent

9

any underlying facts or circumstances, does not establish probable cause for the issuance of a search warrant." *Griffin*, ¶ 23 (citation omitted). In *Griffin*, we concluded that "[j]ust because a person has a pipe in his pocket with untested white residue on it, does not mean his vehicle will contain evidence of a drug offense." *Griffin*, ¶ 24. Pierce argues that similar to *Griffin*, in this case, just because somebody earlier in the day had smoked marijuana inside Pierce's truck did not mean his truck would contain evidence of a drug offense.

¶29 Throughout this appeal, Pierce attempts to separate out each bit of information from the totality of the circumstances surrounding Officer Hoffman's application for a warrant. We agree that each bit of information presented by itself may not produce sufficient probable cause for the issuance of a warrant, but Officer Hoffman's application for a warrant included several pertinent pieces of information which, taken as a whole, constitute sufficient probable cause to issue the search warrant.

¶30 We look solely to the information given to the impartial magistrate and to the four corners of the application when reviewing the sufficiency of the application for the search warrant. *State v. Crowder* (1991), 248 Mont. 169, 173, 810 P.2d 299, 302. Officer Hoffman smelled the marijuana only because Pierce requested that Officer Hoffman retrieve a phone book from the dashboard of the truck. Pierce then admitted that someone had smoked marijuana inside of the truck earlier in the day. The smell of marijuana and Pierce's admission alone are sufficient evidence to warrant a reasonable person to believe Pierce's truck would contain evidence of an offense. Officer Hoffman additionally knew shortly after impounding the truck that an unidentified woman twice had attempted to retrieve items from the truck. As such, we safely may set aside the questionable K-9 search and Officer

10

Hoffman's erroneous belief that Pierce had several past drug convictions. We still may conclude that Officer Hoffman's affidavit contained sufficient information to support a reasonable person's belief that the offense of possession of dangerous drugs had been committed and that evidence or contraband may be found within the truck. The District Court therefore properly denied Pierce's motion to suppress evidence.

¶31 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ JOHN WARNER
/S/ PATRICIA O. COTTER
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE