FILED

March 15 2016

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 15-0288

DA 15-0288

IN THE SUPREME COURT OF THE STATE OF MONTANA

2016 MT 65N

STATE OF MONTANA,

      Plaintiff and Appellee,

  v.

DANIEL BANKS,

      Defendant and Appellant.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause No. DC 13-3557
Honorable Loren Tucker, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Paul Sullivan, Measure, Sampsel, Sullivan & O'Brien, P.C., Kalispell, Montana

      For Appellee:

          Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

          Jed C. Fitch, Beaverhead County Attorney, Mike Gee, Deputy County Attorney, Dillon, Montana

Submitted on Briefs:  February 24, 2016

Decided:  March 15, 2016

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Daniel Banks (Banks) appeals from an order denying his motion to suppress, issued by the Fifth Judicial District Court, Beaverhead County. Banks challenges the sufficiency of probable cause underlying a search warrant authorizing a search of his vehicle. We affirm the District Court's denial of his motion.

¶3    Banks had his first of two encounters with law enforcement on November 26, 2013, when an Idaho state trooper stopped his vehicle while traveling on Interstate 15. After stopping Banks for expired registration and no front license plate, and allowing Banks to continue to his destination, the patrolman contacted Beaverhead County Undersheriff Bill Knox (Knox). The patrolman passed on to Knox that he had stopped Banks in a blue Chevrolet truck, and that the truck was not registered in Banks' name. The patrolman further stated that Banks had admitted to smoking marijuana the day before, that Banks had been evasive when questioned, and that the patrolman suspected that Banks was transporting drugs, based on his training and experience. Knox encountered Banks driving a blue truck on I-15, and followed him for approximately eight miles. During that time, Knox confirmed with dispatch that the license plate on the truck was expired, and also observed Banks driving erratically, crossing traffic lines on

2

both sides of the road and varying his speed. Knox pulled Banks over and asked Banks if he was under the influence of drugs or alcohol. Banks stated he was not. Another officer at the scene asked Banks if there were drugs in the car, and Banks initially denied that there were. Upon being asked a second time, Banks admitted that he had a prescription for Oxycodone in the driver's side door pocket, and opened the door to show the pill bottle to the officers. The other officer also observed two loose yellow capsules that appeared to be prescription drug capsules. Banks was arrested for suspicion of Driving Under the Influence, and Knox applied for a warrant to conduct a search of Banks' truck.

¶4 Knox's affidavit in support of the search warrant application reiterated the above mentioned facts, but also included Knox's statement that dispatch had run a criminal background check on Banks while Knox was following him, revealing that Banks had "criminal convictions for Possession of Dangerous Drugs without a Prescription." The search warrant was granted, and the search revealed 273 grams of marijuana stored in individual sandwich bags, a digital scale, pawn shop receipts, and numerous Western Union wire transfer receipts in the truck. Banks was charged with felony Criminal Possession with Intent to Distribute and Criminal Possession of Drug Paraphernalia, a misdemeanor. He filed a motion to suppress, arguing that the search warrant lacked sufficient probable cause.

¶5 At the evidentiary hearing on the motion, Knox testified that he had been mistaken when stating in his affidavit that Banks had previous drug possession convictions, as later investigation revealed that Banks had only been arrested on those charges, with no formal disposition. The District Court orally denied Banks' motion to suppress, reasoning that,

even after excising the false information regarding the previous convictions, the application still demonstrated probable cause. Banks pled guilty to an amended charge, Criminal Possession of Dangerous Drugs, but reserved his right to appeal the denial of the motion to suppress, and subsequently filed an appeal to this Court.

¶6 "This Court assesses the totality of the circumstances to determine whether a search warrant is based upon probable cause." *Muir v. Bilderback*, 2015 MT 180, ¶ 12, 379 Mont. 459, 353 P.3d 473 (citing *State v. Barnaby*, 2006 MT 203, ¶ 29, 333 Mont. 220, 142 P.3d 809). "Under the totality of the circumstances test, the issuing judicial officer must make a practical, common sense determination, given all the evidence contained in the application for a search warrant, whether a fair probability exists that contraband or evidence of a crime will be found in a particular place." *Barnaby*, ¶ 29 (citation omitted). "A determination of probable cause does not require facts sufficient to make a showing of criminal activity, rather, the issuing judicial officer must only determine that there exists a probability of criminal activity. Probable cause must be determined solely from the information contained within the four corners of the search warrant application." *Barnaby*, ¶ 30 (citing *State v. Rinehart*, 262 Mont. 204, 210, 864 P.2d 1219, 1222 (1993)).

¶7 This Court has held that "when the issuance of a search warrant is based in part on illegal information, the reviewing court shall excise the illegally obtained information from the application for search warrant and review the remaining information *de novo* to determine whether probable cause supported the issuance of a search warrant." *State v. Kuneff*, 1998 MT 287, ¶ 19, 291 Mont. 474, 970 P.2d 556. Because the statement of

4

Banks' previous convictions for criminal possession of dangerous drugs was later found to be untrue, the District Court properly excised that particular statement and reviewed only the remaining information contained in the application and accompanying affidavit.

¶8      In *State v. Frasure*, 2004 MT 242, ¶ 17, 323 Mont. 1, 97 P.3d 1101, we affirmed a district court's finding of sufficient probable cause to search a vehicle. We specifically cited facts that supported a finding of adequate probable cause: the defendant's nervousness and accelerated speech, evidence of drug use found on the defendant's person, and the officers' prior knowledge of the defendant's history with illegal drugs. In the present case, several similar factors exist: Banks had been evasive while interacting with the Idaho patrolman and gave inconsistent answers to Montana law enforcement concerning drugs in the truck, and both Knox and the other officer observed the prescription bottle and pill capsules in the truck. Further, the District Court pointed out that Banks had admitted to smoking marijuana the previous day, and that Banks' erratic driving behaviors were "consistent with and reasonably authorize an inference that the person had consumed drugs of one sort or another . . . ." The District Court, after excising the false information regarding Banks' convictions, properly determined that the remaining facts contained in the application for the search warrant supported probable cause. *See Kuneff*, ¶ 19; *Frasure*, ¶ 17.

¶9      We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law. We find no clear error in the District Court's findings, and it correctly applied the applicable law.

¶10    Affirmed.

/S/ JIM RICE

We Concur:

/S/ MIKE McGRATH
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA
/S/ PATRICIA COTTER