No. 05-567

IN THE SUPREME COURT OF THE STATE OF MONTANA

2006 MT 219

_____

STATE OF MONTANA,

　　　　Plaintiff and Respondent,

　　v.

EDWARD ELLINGTON,

　　　　Defendant and Appellant.

_____

APPEAL FROM:　District Court of the Eighteenth Judicial District,
　　　　　　　　In and for the County of Gallatin, Cause No. DC 05-81
　　　　　　　　The Honorable Holly Brown, Judge presiding.

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　　　Robert J. Quinn, Quinn Law Office, Bozeman, Montana

　　　　For Respondent:

　　　　　　Hon. Mike McGrath, Attorney General; John Paulson, Assistant Attorney
　　　　　　General, Helena, Montana

　　　　　　Marty Lambert, County Attorney; Todd Whipple, Deputy County
　　　　　　Attorney, Bozeman, Montana

_____

　　　　　　　　　　Submitted on Briefs:　July 26, 2006

　　　　　　　　　　　　Decided:　September 6, 2006

Filed:

　　　_____
　　　　　　　　　Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Edward Ellington (Ellington) appeals from an order of the Eighteenth Judicial District, Gallatin County, denying his motion to suppress physical evidence seized from him by law enforcement officers. We reverse and remand.

¶2 Ellington presents the following dispositive issue on appeal:

¶3 Whether law enforcement officers possessed the requisite probable cause to arrest Ellington.

### FACTUAL AND PROCEDURAL BACKGROUND

¶4 Police obtained a search warrant to search Stacy Wizenburg's (Wizenburg) car based on suspicion that she was engaged in the distribution of dangerous drugs. Detective Travis Swandal of the Gallatin County Sheriff's Department observed Wizenburg's car in the parking lot of Lucky Lil's casino on West Main in Bozeman. Detective Swandal observed Ellington leave the casino and approach the driver's side window of Wizenburg's car. Ellington was standing by Wizenburg's car and talking with its occupants as Detective Swandal approached the car to serve the warrant. Ellington stepped away from Wizenburg's car and began walking toward the casino when he saw Detective Swandal approaching.

¶5 Detective Swandal stopped Ellington and informed him that he was detaining Ellington pending a drug investigation involving Wizenburg's car. An officer frisked Ellington for weapons, handcuffed him, and placed him in the backseat of Swandal's patrol car. Officers did not discover any weapons or contraband on Ellington during the frisk. Officers informed Ellington that they were going to transport him to the Law and

2

Justice Center for questioning. Ellington asked whether he could drive himself to the Law and Justice Center and was informed that he could not.

¶6 Detective Swandal transported Ellington to the Law and Justice Center and placed him in an interview room. He informed Ellington that he was not under arrest and began to remove Ellington's handcuffs. Detective Swandal noticed that Ellington's fist was clenched and asked him to open his hand. When Ellington refused to unclench his fist, Detective Swandal physically opened Ellington's hand and discovered a baggie of methamphetamine. Detective Swandal then informed Ellington that he was under arrest for possession of methamphetamine and took him to the Gallatin County Detention Facility for booking.

¶7 The State charged Ellington with possession of dangerous drugs in violation of § 45-9-102, MCA. Ellington filed a motion to suppress the baggie of methamphetamine, arguing that officers lacked sufficient cause to take him into custody and that he was the subject of an illegal arrest. The State countered that § 46-5-228, MCA, provided the authority for officers to detain Ellington temporarily pursuant to their search warrant, and that officers had a particularized suspicion sufficient to justify his detention under § 46-5-401, MCA. The State further argued that officers had probable cause to make an arrest. Ellington filed a reply, wherein he challenged the constitutionality of § 46-5-228, MCA. The State did not respond to this argument.

¶8 The District Court held an evidentiary hearing and denied Ellington's motion. The District Court did not address Ellington's constitutional challenge to § 46-5-228, MCA. Ellington entered a guilty plea to the charge and reserved his right to appeal the District

3

Court's denial of his motion to suppress. The District Court sentenced Ellington as a persistent felony offender to eight years at the Montana State Prison. Ellington appeals.

## STANDARD OF REVIEW

¶9 We review a district court's denial of a motion to suppress to determine whether its findings of fact prove clearly erroneous and whether its interpretation and application of the law remain correct. *State v. Pierce*, 2005 MT 182, ¶ 12, 328 Mont. 33, ¶ 12, 116 P.3d 817, ¶ 12. A court's findings prove clearly erroneous if they are not supported by substantial evidence, the court misapprehended the effect of the evidence, or we are convinced by our review of the record that the district court made a mistake. *Pierce*, ¶ 12.

## DISCUSSION

¶10 Ellington argues that the District Court erred in determining that officers possessed the requisite particularized suspicion to detain and search him outside the casino. He further argues that officers arrested him and that they lacked probable cause to do so. He finally argues that the United States Supreme Court's ruling in *Ybarra v. Illinois*, 444 U.S. 85, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979), renders § 46-5-228, MCA, unconstitutional.

¶11 The State counters that Detective Swandal had a particularized suspicion that Ellington was engaged in wrongdoing sufficient to search and temporarily detain him. The State further asserts that Ellington's temporary detention did not constitute an arrest. The State finally argues that Ellington failed to present his constitutional challenge to § 46-5-228, MCA, to the District Court and is therefore barred from asserting it on appeal.

¶12 We will address Ellington's arrest arguments first, as their resolution proves dispositive. Section 46-6-104(1), MCA, provides that an "arrest is made by an actual restraint of the person to be arrested or by the person's submission to the custody of the person making the arrest." An arrest involves: (1) the authority to arrest, (2) the assertion of that authority to effect an arrest, and (3) the restraint of the person arrested. *State v. Van Dort*, 2003 MT 104, ¶ 12, 315 Mont. 303, ¶ 12, 68 P.3d 728, ¶ 12.

¶13 The "authority to arrest" means simply that the person making the arrest has the authority to do so, assuming for the moment that probable cause to arrest has been established. *Van Dort*, ¶ 12. Detective Swandal clearly had the authority to arrest Ellington. Officers restrained Ellington when they frisked him, handcuffed him, placed him in the back of the patrol car, and transported him to the Law and Justice Center. We focus our inquiry, therefore, on whether Detective Swandal asserted his authority to arrest with intent to effect the arrest.

¶14 We accord "arrest" a broad definition determined by whether a reasonable person, innocent of any crime, would have felt free to walk away under the circumstances. *Van Dort*, ¶ 14. Here the circumstances suggest that a reasonable person, free of any crime, would have believed that he was under arrest, despite Detective Swandal's statement to the contrary. Indeed, the State concedes as much, stating that "[i]t is true that Ellington was not free to walk away from Detective Swandal under the circumstances." Ellington was stopped by Detective Swandal as he was walking towards the casino, frisked, handcuffed, and placed in the back of a patrol car. When asked if he could drive his own car to the Law and Justice Center, officers informed him that he could not. Detective

Swandal then transported Ellington to the Law and Justice Center and placed him in an interview room.

¶15 Reliance solely on Detective Swandal's statement that Ellington was not under arrest would undermine the reasonableness standard annunciated in *Van Dort* that requires consideration of a variety of factors, including an officer's actions. *Van Dort*, ¶ 16. Here, these factors demonstrate that Detective Swandal satisfied the requirement of an assertion of authority to arrest with the intent to effect an arrest. We turn then to the question of whether Detective Swandal had probable cause to arrest Ellington.

¶16 An officer must have probable cause to justify a warrantless arrest. *State v. Williamson*, 1998 MT 199, ¶ 12, 290 Mont. 321, ¶ 12, 965 P.2d 231, ¶ 12. Probable cause exists where the facts and circumstances within an officer's personal knowledge prove sufficient to warrant a reasonable person to believe that someone is committing or has committed an offense. *Williamson*, ¶ 12. Probable cause cannot be based on an officer's mere suspicion of criminal activity. *Williamson*, ¶ 12.

¶17 The information within Detective Swandal's knowledge at the time he stopped Ellington consisted of seeing Ellington leave the casino and begin talking with the occupants of Wizenburg's car. Detective Swandal suspected that Wizenburg was selling drugs out of her car. Detective Swandal saw Ellington walk away from the car as he approached. Detective Swandal stopped Ellington based on these facts alone. Detective Swandal did not yet know whether there were any drugs in Wizenburg's car and he did not witness Ellington and the occupants of the car exchange any items consistent with a drug sale.

¶18 These facts fail to establish probable cause to arrest. Although Detective Swandal may have suspected that Ellington was involved in criminal activity, mere suspicion cannot establish probable cause. *Williamson*, ¶ 12. Witnessing Ellington talking to the occupants of a vehicle that Detective Swandal had a warrant to search and then witnessing Ellington walk away from the vehicle as he approached do not warrant Detective Swandal's belief that Ellington was committing or had committed a crime.

¶19 We thus conclude that Detective Swandal arrested Ellington without probable cause. An unlawful arrest renders evidence seized as a product of that arrest inadmissible. *City of Billings v. Whalen*, 242 Mont. 293, 298, 790 P.2d 471, 475 (1990). Because we conclude that Ellington's arrest was unlawful, we need not address whether officers possessed the requisite particularized suspicion to detain and search him outside the casino. In this regard, we note that the officers detained Ellington outside the casino, frisked him, and found no contraband. The temporary detention should have ended at that point. The discovery of the contraband occurred, however, only after the officers had arrested Ellington and transported him to the Law and Justice Center.

¶20 The State's alternative argument that § 46-5-228, MCA, supports Ellington's detention provides the State with no safe harbor. As we noted, the officers' temporary detention and frisk of Ellington outside the casino revealed no contraband. Section 46-5-228, MCA, provides that an officer serving a search warrant "may reasonably detain and search any person on the premises being searched at the time of the search." Nothing in § 46-5-228, MCA, authorized the officers, however, to escalate any reasonable detention

7

and search of Ellington into a full-fledged arrest absent a finding of probable cause.  We therefore hold that the District Court erred when it denied Ellington's motion to suppress.

¶21    Reversed and remanded for further proceedings consistent with this opinion.


                                              /S/ BRIAN MORRIS


We Concur:


/S/ JAMES C. NELSON
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART