No. DA 06-0568

IN THE SUPREME COURT OF THE STATE OF MONTANA

2007 MT 68N

STATE OF MONTANA,

Plaintiff and Respondent,

v.

SCOTT ALLEN PRICE,

Defendant and Appellant.

APPEAL FROM:     The District Court of the Seventh Judicial District,
In and For the County of Prairie, Cause No. DC 2006-002,
Honorable Richard A. Simonton, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Brad L. Arndorfer, Arndorfer Law Firm, P.C., Billings, Montana

For Respondent:

Mike McGrath, Montana Attorney General, Pamela P. Collins,
Assistant Attorney General, Helena, Montana

Erin T. Inman, Prairie County Attorney, Terry, Montana

Submitted on Briefs:  February 28, 2007

Decided:  March 13, 2007

Filed:

_____
Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent.  Its case title, Supreme Court cause number and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Scott Allen Price (Price) appeals from the District Court's May 8, 2006 Order denying his motion to suppress the results of a blood test taken as a result of his arrest for DUI on December 18, 2004.  Price argues on appeal that he was coerced into giving a blood test although he was afraid of needles, and that his fear of needles was overborne by the arresting officer's refusal to give him any alternative test knowing that he had a fear of needles.  Price contends that he repeatedly asked for an alternate test before the blood test was given.  Price relies on *Nelson v. City of Irvine*, 143 F.3d 1196 (9th Cir. 1998), *cert. denied*, 525 U.S. 981, 119 S.Ct. 444, 142 L.Ed.2d 399 (1998); *Wessell v. State, Dept. of Justice*, 277 Mont. 234, 921 P.2d 264 (1996); and *State v. Minkoff*, 2002 MT 29, 308 Mont. 248, 42 P.3d 223.

¶3      The State argues that the arresting officer took Price to the Terry, Montana facility because of the location of the stop and the relative distances from the stop to Terry, Glendive, and Miles City, and because the arresting officer wanted to accommodate Price in obtaining a ride from his sister in Terry.  The State argues that the court properly found that Price consented to the blood test and that he did not desire an independent test.  The

State contends that the court's findings of fact are based upon substantial evidence and are not otherwise clearly erroneous.

¶4     This Court reviews a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether its interpretation and application of the law is correct. *State v. Ellington*, 2006 MT 219, ¶ 9, 333 Mont. 411, ¶ 9, 143 P.3d 119, ¶ 9 (citing *State v. Pierce*, 2005 MT 182, ¶ 12, 328 Mont. 33, ¶ 12, 116 P.3d 817, ¶ 12).

¶5     Having reviewed the record in this matter, we have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2003, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence, and because the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted.

¶6     Accordingly, we affirm the District Court's Order entered May 8, 2006.


/S/ JAMES C. NELSON


We Concur:

/S/ KARLA M. GRAY
/S/ BRIAN MORRIS
/S/ JOHN WARNER
/S/ JIM RICE


3