DA 09-0482

IN THE SUPREME COURT OF THE STATE OF MONTANA

2010 MT 32N

STATE OF MONTANA,

       Plaintiff and Appellee,

v.

CHRISTOPHER D. REINHARD,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eighteenth Judicial District,
In and For the County of Gallatin, Cause No. DC 08-0223B
Honorable Mike Salvagni, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

           Robert J. Quinn, Quinn Law Office, Bozeman, Montana

       For Appellee:

           Hon. Steve Bullock, Montana Attorney General; Mardell Ployhar, Assistant
Attorney General; Helena, Montana

           Martin D. Lambert, Gallatin County Attorney; Eric Kitzmiller, Deputy
County Attorney; Bozeman, Montana

Submitted on Briefs:  January 20, 2010

Decided:  February 9, 2010

Filed:

_____
Clerk

Justice Michael E Wheat delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2006, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and its case title, Supreme Court cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Christopher Reinhard appeals from the order of the Eighteenth Judicial District Court, Gallatin County, denying his motion to suppress three previous DUI convictions. We affirm.

¶3    The issue on appeal is whether the District Court erred by denying Reinhard's motion to suppress evidence of his three previous DUI convictions.

¶4    The facts in this case are not in dispute. Reinhard hit a parked truck with his vehicle in July 2008. Officers at the scene of the accident asked Reinhard to perform field sobriety tests. Reinhard agreed to perform two of the three tests, and his performance indicated that he was intoxicated. Reinhard was arrested and transported to the Gallatin County Detention Center. Reinhard was eventually charged with DUI, fourth offense, which is a felony under Montana law. Section 61-8-731, MCA.

¶5    Reinhard filed a motion to suppress evidence of his three previous DUI convictions. His previous convictions occurred in North Dakota in 2004 and 2005. He argued that the convictions were invalid because he was not advised of the rights he was waiving by pleading guilty. Reinhard also maintained that he was not advised of his right to "present evidence" pursuant to Fed. R. Crim. P. 11.

2

¶6     The State argued in response that Reinhard knowingly and voluntarily waived his rights by pleading guilty. The State relied on an affidavit from Judge Grosz, the judge in North Dakota who had presided over all three of Reinhard's change-of-plea hearings. Judge Grosz stated in his affidavit that he had advised Reinhard of an extensive list of rights, and that Reinhard had "verbally acknowledged on the record that he fully understood the nature of each charge and the maximum and minimum penalties and that he fully understood all of the foregoing rights which were verbally administered to him by me."

¶7     This Court reviews a district court's denial of a motion to suppress to determine whether its findings of fact are clearly erroneous and whether its interpretation and application of the law is correct. *State v. Ellington*, 2006 MT 219, ¶ 9, 333 Mont. 411, 143 P.3d 119 (citing *State v. Pierce*, 2005 MT 182, ¶ 12, 328 Mont. 33, 116 P.3d 817).

¶8     It is well settled "that the State may not use a constitutionally infirm conviction to support an enhanced punishment, such as felony DUI. When a defendant attacks a prior criminal conviction that can be used to enhance punishment, a presumption of regularity attaches to such conviction." *State v. Snell*, 2004 MT 334, ¶ 25, 324 Mont. 173, 100 P.3d 503. The defendant may overcome the presumption with direct evidence of irregularity. *Id.* "Once a defendant produces such direct evidence, the burden then shifts to the State to prove by a preponderance of the evidence that it did not obtain the prior conviction in violation of the defendant's rights." *Id.*

¶9     The District Court concluded that although Reinhard had produced sufficient evidence to shift the burden to the State, the State had met its burden to prove that Reinhard was

advised of his rights because Judge Grosz's affidavit "shows that he advised [Reinhard] of the fundamental constitutional rights that are recognized in § 46-12-210, MCA." The District Court also concluded that Reinhard was advised of his right to present evidence because Reinhard "was advised of his right to testify, to call witnesses on his own behalf, and to subpoena witnesses and force them and come and testify for him at trial." We find no reason to disturb the District Court's decisions on these matters.

¶10 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our 1996 Internal Operating Rules, as amended in 2006, which provides for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the court's findings of fact are supported by substantial evidence, and because the legal issues are clearly controlled by settled Montana law, which the District Court correctly interpreted.

¶11 Affirmed.

/S/ MICHAEL E WHEAT

We Concur:

/S/ MIKE McGRATH
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE